UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Consumer Financial Protection Bureau
and the People of the State of New York,
by Eric T. Schneiderman, Attorney
General for the State of New York

              Plaintiffs,

    v.

Douglas MacKinnon, Mark Gray,
Northern Resolution Group, LLC,
Enhanced Acquisitions, LLC,
and Delray Capital, LLC

              Defendants.

---

**ANSWER AND COUNTERCLAIMS**

Case No.: 1:16-cv-00880

      Defendants Douglas MacKinnon, Northern Resolution Group, LLC and Enhanced Acquisitions, LLC (collectively "Defendants") as and for their Answer to the Complaint in this action (the "Complaint") brought by Plaintiffs Consumer Financial Protection Bureau and the People of the State of New York by Eric T. Schneiderman, Attorney General for the State of New York, ("Plaintiffs") state as follows:

### GENERAL DENIAL

    1.    Except as otherwise expressly admitted herein, the Defendants deny each and every allegation contained in the Complaint and specifically deny any liability to the Plaintiffs in this action.

    2.    Defendants expressly reserve the right to amend and/or supplement its Answer as may be necessary.

### INTRODUCTION

    1.    Defendants deny the allegations set forth in Paragraph 1 of the Complaint.

2. Defendants deny the allegations set forth in Paragraph 2 of the Complaint.

3. Defendants admit that MacKinnon owned Northern Resolution Group and Enhanced Acquisitions, and Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 3 of the Complaint.

4. Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations as against Defendant Delray Capital, LLC and deny the remaining allegations as against the remaining Defendants set forth in Paragraph 5 of the Complaint.

6. Defendants deny the allegations set forth in Paragraph 6 of the Complaint.

7. Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

8. Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. With respect to the allegations in Paragraph 9 of the Complaint, the statute speaks for itself; to the extent a response is necessary, Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

10. With respect to the allegations in Paragraph 10 of the Complaint, the statute speaks for itself; to the extent a response is necessary, Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

11. With respect to the allegations set forth in Paragraph 11 of the Complaint, the statute speaks for itself; to the extent a response is necessary, Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

## PARTIES

12. With respect to the allegations in Paragraph 12 of the Complaint, the statutes speak for themselves; to the extent a response is necessary, Defendants deny sufficient knowledge and information to form a belief as to the allegations in Paragraph 12.

13. With respect to the allegations in Paragraph 13 of the Complaint, the statutes speak for themselves; to the extent a response is necessary, Defendants deny sufficient knowledge and information to form a belief as to the allegations in Paragraph 13.

14. Defendants admit that NRG is a Delaware limited liability company with a place of business in North Tonawanda, New York. Defendants deny sufficient knowledge and information to form a belief as to the remaining allegations in Paragraph 14.

15. Defendants admit that Enhanced is a New York limited liability company with a place of business in Amherst, New York. Defendants deny sufficient knowledge and information to form a belief as to the remaining allegations in Paragraph 15.

16. Defendants deny sufficient knowledge and information to form a belief as to the allegations in Paragraph 16.

17. With respect to the allegations in Paragraph 17, the statutes speak for themselves; to the extent a response is necessary, Defendants deny sufficient knowledge and information to form a belief as to the remaining allegations in Paragraph 17.

18. Defendants deny sufficient knowledge and information to form a belief as to the allegations in Paragraph 18.

## FACTS

19. With respect to the allegations in Paragraph 19, Defendants admit that NRG and Enhanced purchase defaulted consumer debt; Defendants deny sufficient knowledge and information to form a belief as to the remaining allegations in Paragraph 19.

20. With respect to the allegations in Paragraph 20, Defendants admit that NRG was established in 2009 and that that entity purchased consumer debt; Defendants deny sufficient knowledge and information to form a belief as to the remaining allegations in Paragraph 20.

21. Defendants deny the allegations set forth in Paragraph 21.

22. Defendants deny the allegations set forth in Paragraph 22.

23. With respect to Paragraph 23, Defendants deny sufficient knowledge or information as to the purpose of Delray's formation and deny the remaining allegations in Paragraph 23.

4

24. With respect to Paragraph 24, Defendants deny sufficient knowledge and information as to Gray's role at Delray and deny the remaining allegations in Paragraph 24.

25. Defendants deny knowledge and information sufficient to respond to the allegations in Paragraph 25 of the Complaint.

26. Defendants deny knowledge and information sufficient to respond to the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30. With respect to Paragraph 30, Defendants deny sufficient knowledge and information to respond to allegations regarding Delray; Defendants deny the remaining allegations set forth in Paragraph 30.

31. Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of the Complaint and in the subparts (a-d) of Paragraph 33.

34. Defendants deny sufficient knowledge and information to respond to the allegations set forth in Paragraph 34 of the Complaint.

35. Defendants deny sufficient knowledge and information to respond to the allegations set forth in Paragraph 35 of the Complaint.

36. Defendants deny sufficient knowledge and information to respond to the allegations set forth in Paragraph 36 of the Complaint.

37. Defendants deny sufficient knowledge and information to respond to the allegations set forth in Paragraph 37 of the Complaint.

38. Defendants deny sufficient knowledge and information to respond to the allegations set forth in Paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41. With respect to the allegations in Paragraph 41 of the Complaint, Defendants admit that MacKinnon was an owner of NRG and had a business relationship with Enhanced; defendants deny sufficient knowledge and information to respond to the remaining allegations set forth in Paragraph 41.

42. Defendants deny sufficient knowledge and information to respond to the allegations set forth in Paragraph 42.

43. Defendants deny sufficient knowledge and information to respond to the allegations set forth in Paragraph 43.

44. Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46. Defendants deny sufficient knowledge and information to respond to the allegations set forth in Paragraph 46 of the Complaint.

47. Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

## COUNT I
*Unfairness Under the CFPA Relating to the Collection of, and Attempts to Collect, Inflated Debts – by Plaintiffs Against All Defendants*

48. With respect to Paragraph 48, Defendants repeat and re-allege each of the above responses.

49. With respect to Paragraph 49, Defendants state the statutes speak for themselves; to the extent a response is required, Defendants deny the allegations set forth in Paragraph 49.

50. Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51. Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52. Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53. Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54. Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55. Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56. Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

### COUNT II
*Deception Under the CFPA Relating to Collection of, and Attempts to Collect, Inflated Debts – by Plaintiffs Against All Defendants*

57. With respect to Paragraph 57, Defendants repeat and re-allege each of the above responses.

58. With respect to Paragraph 58, Defendants state the statutes speak for themselves; to the extent a response is necessary, Defendants deny the allegations set forth in Paragraph 58.

59. Defendants deny the allegations set forth in Paragraph 59.

60. Defendants deny the allegations set forth in Paragraph 60.

61. Defendants deny the allegations set forth in Paragraph 61.

62. Defendants deny the allegations set forth in Paragraph 62.

63. Defendants deny the allegations set forth in Paragraph 63.

64. Defendants deny the allegations set forth in Paragraph 64.

### COUNT III
*Deception Under the CFPA Related to Threats and Impersonation – by Plaintiffs Against Enhanced, Delray, MacKinnon, and Gray*

65. With respect to Paragraph 65, Defendants repeat and re-allege each of the above responses.

66. With respect to Paragraph 66, Defendants state the statutes speak for themselves; to the extent a response is necessary, Defendants deny the allegations set forth in Paragraph 66.

67. With respect to Paragraph 67, Defendants state the statutes speak for themselves; to the extent a response is required, Defendants deny the allegations set forth in Paragraph 67 and in the subparts a. and b. of paragraph 67.

68. Defendants deny the allegations set forth in Paragraph 68.

69. Defendants deny the allegations set forth in Paragraph 69.

70. Defendants deny the allegations set forth in Paragraph 70.

71. Defendants deny the allegations set forth in Paragraph 71.

## COUNT IV
*False of Misleading Misrepresentations Under the FDCPA –*
*By the Bureau Against All Defendants*

72. With respect to Paragraph 72, Defendants repeat and re-allege each of the above responses.

73. With respect to Paragraph 73, Defendants state the statutes speak for themselves; to the extent a response is required, Defendants deny the allegations set forth in Paragraph 73.

74. With respect to Paragraph 74, Defendants state the statutes speak for themselves; to the extent a response is required, Defendants deny the allegations set forth in Paragraph 74.

75. With respect to Paragraph 75, Defendants state the statutes speak for themselves; to the extent a response is required, Defendants deny the allegations set forth in Paragraph 75.

76. With respect to Paragraph 76, Defendants state the statutes speak for themselves; to the extent a response is required, Defendants deny the allegations set forth in Paragraph 76.

77. Defendants deny the allegations set forth in Paragraph 77.

78. Defendants deny the allegations set forth in Paragraph 78.

79. Defendants deny the allegations set forth in Paragraph 79.

80. Defendants deny the allegations set forth in Paragraph 80.

81. Defendants deny the allegations set forth in Paragraph 81.

## COUNT V
*Unfair Collection Activities Under the FDCPA – by the Bureau Against All Defendants*

82. With respect to Paragraph 82, Defendants repeat and re-allege each of the above responses.

83. With respect to Paragraph 83, Defendants state the statutes speak for themselves; to the extent a response is required, Defendants deny the allegations set forth in Paragraph 83.

84. With respect to Paragraph 84, Defendants state the statutes speak for themselves; to the extent a response is required, Defendants deny the allegations set forth in Paragraph 84.

85. Defendants deny the allegations set forth in Paragraph 85.

86. Defendants deny the allegations set forth in Paragraph 86.

87. Defendants deny the allegations set forth in Paragraph 87.

88. Defendants deny the allegations set forth in Paragraph 88.

## COUNT VI
*False and Misleading Representations Under the FDCPA – by the Bureau Against Enhanced, Delray, MacKinnon, and Gray*

89. With respect to Paragraph 89, Defendants repeat and re-allege each of the above responses.

90. Defendants deny the allegations set forth in Paragraph 90.

91. With respect to Paragraph 91, Defendants state the statutes speak for themselves; to the extent a response is required, Defendants deny the allegations set forth in Paragraph 91.

92. With respect to Paragraph 92, Defendants state the statutes speak for themselves; to the extent a response is required, Defendants deny the allegations set forth in Paragraph 92.

93. With respect to Paragraph 93, Defendants state the statutes speak for themselves; to the extent a response is necessary, Defendants deny the allegations set forth in Paragraph 93.

94. With respect to Paragraph 94, Defendants state the statutes speak for themselves; to the extent a response is required, Defendants deny the allegations set forth in Paragraph 94.

95. With respect to Paragraph 95, Defendants state the statutes speak for themselves; to the extent a response is required, Defendants deny the allegations set forth in Paragraph 95.

96. With respect to Paragraph 96, Defendants state the statutes speak for themselves; to the extent a response is required, Defendants deny the allegations

set forth in Paragraph 83

97. Defendants deny the allegations set forth in Paragraph 97 of the Complaint.

98. Defendants deny the allegations set forth in Paragraph 98 and in the subparts (a-d) of Paragraph 98.

99. Defendants deny the allegations set forth in Paragraph 99.

100. Defendants deny the allegations set forth in Paragraph 100.

101. Defendants deny the allegations set forth in Paragraph 101.

## COUNT VII
*Violations of the CFPA Arising from FDCPA Violations –
by the Bureau Against All Defendants*

102. With respect to Paragraph 102, Defendants repeat and re-allege each of the above responses.

103. With respect to Paragraph 103, Defendants state the statutes speak for themselves; to the extent a response is required, Defendants deny the allegations set forth in Paragraph 103.

104. Defendants deny the allegations set forth in Paragraph 104.

## COUNT VIII
*Repeated Fraudulent or Illegal Acts – by the State of New York
Against All Defendants*

105.   With respect to Paragraph 105, Defendants repeat and re-allege each of the above responses.

106.   With respect to Paragraph 106, Defendants state the statutes speak for themselves; to the extent a response is required, Defendants deny the allegations set forth in Paragraph 106.

107.   Defendants deny the allegations set forth in Paragraph 107.

## COUNT IX
*Deceptive Acts or Practices – by the State of New York Against All Defendants*

108.   With respect to Paragraph 108, Defendants repeat and re-allege each of the above responses.

109.   With respect to Paragraph 109, Defendants state the statutes speak for themselves; to the extent a response is required, Defendants deny the allegations set forth in Paragraph 109.

110.   Defendants deny the allegations set forth in Paragraph 110.

## COUNT X
*Violation of New York State Debt Collection Law – by the State of New York
Against All Defendants*

111.   With respect to Paragraph 111, Defendants repeat and re-allege each of the above responses.

112.   With respect to Paragraph 112, Defendants state the statutes speak for themselves; to the extent a response is required, Defendants deny the allegations set forth in Paragraph 112 including subparts a-e of Paragraph 112.

113. With respect to Paragraph 113, Defendants state the statutes speak for themselves; to the extent a response is required, Defendants deny the allegations set forth in paragraph 113.

## AFFIRMATIVE DEFENSES

114. For a first affirmative defense, Defendants assert that Plaintiffs have failed to state a claim upon which relief may be granted.

115. For a second affirmative defense, Defendants assert that this Court lacks jurisdiction over some or all of the claims made in the Complaint.

116. For a third affirmative defense, Defendants allege that the misconduct alleged against Defendants in the Complaint was committed by non-parties to this action.

## FOR A FIRST COUNTERCLAIM

117. Plaintiffs' investigation, allegation and prosecution in this matter are not justified and, upon information and belief, were made in violation of 28 U.S.C. § 2412.

118. Accordingly, Defendants are entitled to their fees, costs and other further relief.

**WHEREFORE**, Defendants respectfully demand judgment against the Plaintiffs dismissing the Complaint and such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with the costs and disbursement of this action.

DATED:	Buffalo, New York
	February 24, 2017

        **LIPPES MATHIAS WEXLER FRIEDMAN LLP**

        *s/ Dennis C. Vacco*
        Dennis C. Vacco, Esq.
        *Attorneys for Defendants,*
        *Douglas MacKinnon, Northern Resolution Group,*
        *LLC and Enhanced Acquisitions, LLC*
        50 Fountain Plaza, Suite 1700
        Buffalo, New York  14202
        Telephone: (716) 853-5100
        Facsimile: (716) 853-5199
        Email: dvacco@lippes.com