**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU AND THE PEOPLE OF THE STATE OF NEW YORK, BY ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL FOR THE STATE OF NEW YORK,<br><br>Plaintiffs,<br><br>v.<br><br>DOUGLAS MACKINNON, MARK GRAY, NORTHERN RESOLUTION GROUP, LLC, ENHANCED ACQUISITIONS, LLC, AND DELRAY CAPITAL, LLC,<br><br>Defendants. | No. 1:16-CV-00880-FPG-HKS<br><br>**PROPOSED CASE MANAGEMENT ORDER** |

Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16(b), the parties in this case jointly submit this Proposed Case Management Order in accordance with the Order issued by the Hon. Kenneth Schroeder, Jr. on March 3, 2017 (ECF No. 15).

The parties conducted a Fed. R. Civ. P. 26(f) discovery conference telephonically on March 23, 2017. In attendance were (1) counsel for the CFPB: Stefanie Isser Goldblatt and Jade Burns; (2) counsel for the State of New York: James Morrissey; (3) counsel for Doug MacKinnon, Northern Resolution Group, LLC, and Enhanced Acquisitions, LLC: Eric Soehnlein; and (4) counsel for Mark Gray and Delray Capital, LLC: Joseph Makowski.

The provisions of the Proposed Case Management Order are as follows:

1. **Trial by Magistrate Judge:** The parties do not consent to trial by Magistrate Judge.

2. **Alternative Dispute Resolution:** This case has been referred to mediation in accordance with Section 2.1A of the Plan for Alternative Dispute Resolution. Motions to opt out of ADR shall be filed no later than April 6, 2017.

3. **Mandatory Disclosure Requirements:** The mandatory disclosure requirements of Fed. R. Civ. P. 26(a)(1) shall be completed on or before April 6, 2017.

4. **Mediator:** The parties shall confer and select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the Court.

5. **Joinder of Parties and Amendment of Pleadings:** Motions to amend the pleadings or add parties shall be filed in accordance with the time limitations set forth in Fed. R. Civ. P. 15.

6. **Mediation:** The initial mediation session shall be completed no later than July 30, 2017.

7. **Discovery Subjects:** Discovery may be needed on the following subjects:

   a. plaintiffs' allegations regarding unlawful debt collection practices;

   b. plaintiffs' allegations regarding individual liability;

   c. the existence or location of debt portfolios;

   d. the amount and extent of consumer injury caused by Defendants' deceptive and abusive practices;

   e. any and all defenses raised by Defendants;

   f. any expert disclosures;

   g. all other matters relevant to the conduct and practices alleged in the Complaint, Plaintiffs' claims for relief, and Defendants' defenses, if any; and

   h. any and all counterclaims asserted by Defendants.

8. **Fact Discovery Period:** All fact discovery in this case, including depositions, shall be completed on or before March 30, 2018. The discovery period can be extended by application

to the Court or stipulation of the parties upon order of the Court.

9.   **Expert Discovery Period:** Pursuant to Fed. R. Civ. P. 26(a)(2), the parties shall: (1) disclose any expert witnesses and produce any expert reports by March 5, 2018, and (2) disclose any rebuttal expert witnesses and produce any rebuttal expert reports by April 5, 2018. Expert discovery shall be completed by May 31, 2018.

10.   **Dispositive Motions:** Dispositive motions shall be filed on or before August 31, 2018. This date may be modified by stipulation of the parties upon order of the Court.

11.   **Discovery Limitations:** The following discovery limitations should apply:

   a. For oral exam depositions, unless extended by agreement of the parties or application to the court: (i) the maximum number of oral exam depositions for the Plaintiffs, collectively, shall be 20, the maximum number for the Defendants, collectively, shall be 20; and (ii) the maximum number of hours for each deposition shall be 7 hours.

   b. For interrogatories, unless extended by agreement of the parties or application to the court, the maximum number of interrogatories that the Plaintiffs, collectively, may propound to the Defendants, collectively, shall be 120, and the maximum number of interrogatories that the Defendants, collectively, may propound to the Plaintiffs, collectively, shall be 60.

   c. For requests for admissions, and requests for production of documents, there shall be no limit on the requests by each party, in accordance with Fed. R. Civ. P. 26, 34, and 36.

12.   **Discovery of Electronically Stored Information:** The parties shall work cooperatively to limit the scope of production of electronically stored information ("ESI"). The

parties shall produce ESI in accordance with the instructions and standards set forth in the

Discovery Requests Document Submission Standards attached hereto as Exhibit 1. The parties

shall explore the implementation of further instructions for the submission of electronically

stored information.

13.  **Treatment of Personal Identifying or Privileged Information:**  The parties shall

prepare a privilege log with respect to all items withheld on the basis of a claim of privilege or

work product protection no later than (14) days after asserting any privilege with respect to any

document production. Privileged information shall be treated as described in paragraph 15. The

parties shall explore the implementation of an agreement to handle the production and use of

personal identifying information.

14.  **Settlement conference:** Settlement Conferences will be conducted in accordance

with the ADR process.

15.  **Proposed Order:** The parties request that the following Federal Rule of Evidence

502(d) Order be included in the scheduling order:

> The production of privileged or work-product-protected
>
> documents, electronically stored information ("ESI"), or other
>
> information, whether inadvertent or otherwise, is not a waiver of the
>
> privilege or protection from discovery in this case or in any other federal
>
> or state proceeding.  This Order shall be interpreted to provide the
>
> maximum protection allowed by Federal Rule of Evidence 502(d).
>
> Nothing contained herein is intended to or shall serve to limit a
>
> party's right to conduct a review of documents, ESI, or other information
>
> (including metadata) for relevance, responsiveness, or segregation or

privileged or protected information before production.

SO ORDERED.

Dated: April 6, 2017                              Respectfully submitted,


/s/ Dennis C. Vacco                              /s/ Stefanie Isser Goldblatt
DENNIS C. VACCO                                  STEFANIE ISSER GOLDBLATT
ERIC M. SOEHNLEIN                                JADE A. BURNS

Lippes Mathias Wexler Friedman LLP               Consumer Financial Protection Bureau
50 Fountain Plaza, Suite 1700                    1700 G Street, NW
Buffalo, New York 14203                          Washington, DC 20552
Telephone: (716) 853-5100                        Telephone: (212) 328-7011
Fascimile: (716) 853-5199                        Facsimile: (212) 328-7050
Email: Dvacco@lippes.Com                         Email: stefanie.goldblatt@cfpb.gov

*Counsel for Defendants Douglas*                 *Counsel for Plaintiff Consumer Financial*
*MacKinnon, Northern Resolution Group,*          *Protection Bureau*
*LLC, and Enhanced Acquisitions, LLC*


/s/ Joseph G. Makowski                           /s/ James M. Morrissey
JOSEPH G. MAKOWSKI                               JAMES M. MORRISSEY
APRIL J. ORLOWSKI

Joseph G. Makowski, LLC                          Assistant Attorney General
448 Delaware Avenue                              350 Main Street, Suite 300A
Buffalo, New York 14202                          Buffalo, New York 14202
Telephone: (716) 881-1890                        Telephone: (716) 853-8471
Facsimile: (716) 551-0828                        Fascimile: (716) 853-8414
Email: jmakowski@aol.com                         Email: James.Morrissey@ag.ny.gov

*Counsel for Defendants Mark Gray and*  *Counsel for Plaintiff State of New York*
*Delray Capital, LLC*