UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CONSUMER FINANCIAL PROTECTION
BUREAU AND THE PEOPLE OF THE
STATE OF NEW YORK, BY ERIC T.
SCHNEIDERMAN, ATTORNEY GENERAL
FOR THE STATE OF NEW YORK,

        Plaintiffs,

   v.

DOUGLAS MACKINNON, MARK GRAY,
NORTHERN RESOLUTION GROUP, LLC,
ENHANCED ACQUISITIONS, LLC,
AND DELRAY CAPITAL, LLC,

        Defendants.

No. 1:16-CV-00880-FPG-HKS

**STIPULATED PROTECTIVE ORDER**

The Court enters this protective order pursuant to Fed. R. Civ. P. 26(c).

1. An attorney marking material as "Confidential Material" certifies in good faith that it contains (a) Personally Identifiable Information or (b) trade secret(s) or other confidential research, development, or commercial information.

2. "Personally Identifiable Information" means any (a) Social Security number; (b) sensitive health-related data including medical records; (c) biometric identifier; or (d) any one or more of the following when combined with an individual's name, address, or phone number: (i) date of birth, (ii) driver's license or other state identification number, or a foreign equivalent, (iii) military identification number, (iv) passport number, (v) financial institution account number, (vi) credit or debit card number; or (e) other sensitive information relating to an individual entitled to confidential status under applicable law, by order of this Court, or by agreement of the parties.

3. Confidential Material must be designated as follows:

      a.      Mark paper materials "CONFIDENTIAL." If paper material is only confidential in part, mark only the portions of the material that are confidential.

      b.      Mark electronic materials "CONFIDENTIAL" by marking each electronic page or subpart that is confidential. If the electronic material cannot be marked by page or subpart, the designating party shall meet and confer with the receiving party to determine a means to delineate the confidential material. Also mark the electronic storage medium, as well as any electronic file and folder name "CONFIDENTIAL."

      c.      Designate deposition transcripts as Confidential Material within 14 days of receipt of the final transcript by identifying the specific page(s) and line number(s) that are confidential. If testimony is identified as confidential during a deposition, absent agreement on the scope of confidentiality, the entire transcript shall be treated as confidential until the time for designation expires.

4.      A party or non-party that makes original documents available for inspection need not designate them for protection until after the inspecting party has indicated which documents it would like copied and produced. After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the producing party must designate the Confidential Material in accordance with paragraph 3 of this Order.

5.      A party objecting to the designation of any information or document as

"CONFIDENTIAL" may challenge such designation at any time or request the party making such designation identify what information it contends is "Confidential." Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(a) In the event a party challenges any designation of information as "Confidential," such information shall be deemed confidential under this Order until the challenge is resolved pursuant to the terms of this Order.

(b) A party that challenges a "Confidential" designation must do so in writing to the designating party. The challenging party must explain the basis for its position that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the asserted designation. Following written notice to the designating party of a challenge, the parties shall have twenty (20) days to attempt an informal resolution of the dispute. If attempts at an informal resolution prove unsuccessful, or the designating party is unwilling to participate in the meet and confer process, the challenging party may notify the designating party in writing that it is invoking the next stage of the challenge process.

(c) After the challenging party notifies the designating party in writing that it is invoking the final stage of the challenge process, the designating party shall serve a motion to retain confidentiality within 14 days. Each such motion must be accompanied by a certification pursuant to Local Rule 7(d)(4) that the parties have made a sincere

attempt to resolve the dispute. Failure by the designating party to make such a motion within 14 days shall automatically waive the confidentiality designation for each challenged designation. The designating party shall have the burden to establish that the information has been appropriately designated as "Confidential" under the terms of this Order and applicable law. Frivolous challenges and designations, and those made for an improper purpose (e.g., to harass or to impose unnecessary expenses and burdens on other parties) may expose the challenging or designating party to sanctions.

6. An inadvertent failure to mark Confidential Material prior to disclosure does not preclude a subsequent designation, but no prior disclosure of newly designated Confidential Material by a recipient shall violate this Order.

7. Confidential Material may only be disclosed to:

   a. the receiving parties' outside counsel of record in this action and designated employees of said counsel to whom it is reasonably necessary to disclose the information to assist in this action;

   b. the receiving parties' officers, directors, employees and contractors;

   c. experts, consultants, and contractors consulted or retained by the parties or counsel, and their employees, provided that they execute the "Acknowledgment and Agreement to Be Bound," (Exhibit A);

   d. any person who had prior access to the Confidential Material or participated in a communication that is the subject of the Confidential Material;

   e. witnesses and their counsel, provided that they execute the "Acknowledgment and Agreement to Be Bound," (Exhibit A);

      f.      the court and its personnel;

      g.      court reporters and their staff;

      h.      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

      i.      any federal, state or local government agency as required or permitted by federal statute or regulation.

8.    The terms of this Order are applicable to information produced by a non-party in this action and designated as Confidential Material. Such information produced by non-parties in connection with this action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

9.    Disclosure of Confidential Material to any person described in Paragraph 7 shall be only for the purposes of the preparation and hearing of this proceeding, or any appeal, therefrom, and for no other purpose whatsoever, except as required by law or as provided in 12 C.F.R. § 1070.

10.    Confidential Material shall only be filed with a motion to seal the material that complies with Local Rule 5.3, unless the party introducing the material provides the designee notice of its intention to publicly file the material at least 14 days in advance of filing to provide an opportunity for the designee to seek further protection from the Court. If the designee seeks protection within the 14 days, the materials may only be filed with a motion to seal until the Court has ruled on the designee's request.

11.    Nothing herein shall restrict or limit the use of information or documents

designated as "Confidential" at any hearing or trial. Prior to any hearing or trial at which the use of such information or documents is anticipated, the parties shall meet and confer regarding the use of confidential materials containing such designations. If the parties cannot agree, the parties shall promptly request the Court to rule on such procedures.

12. In the event a party is served with a subpoena or order issued in other litigation that would compel the production or disclosure of any Confidential Material, the party must notify the designating party, in writing immediately, and in no event more than seven (7) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The party in receipt of the subpoena or order also must immediately inform in writing the person who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order, and deliver a copy of this Order promptly to such person. The purpose of imposing these duties on a party receiving a subpoena or order is to alert the interested parties to the existence of this Order and to afford the designating party an opportunity to protect its interests in the forum where the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its Confidential Material. Nothing in this order should be construed as authorizing or encouraging any party to disobey a lawful directive from another court.

13. After the final disposition of this action, the parties shall abide by subparts (a) and (b) of this paragraph. Final disposition is deemed to be the later of (i) dismissal of all claims and defenses in this action and (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action.

    a. Within 60 days of a written request by the designating party, each

receiving party must return all protected material to the producing party, or destroy such material, or retain such material in compliance with federal recordkeeping requirements in a manner that ensures the confidentiality of the material.

b. Whether the protected material is returned or destroyed or retained in compliance with federal recordkeeping requirements, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the protected material that was returned or destroyed or retained in compliance with federal recordkeeping requirements and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential Material.

c. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Material. Any such archival copies that contain or constitute Confidential Material remain subject to this Order.

14. This Order continues to govern Confidential Material after conclusion of the case absent further order of the Court.

**IT IS SO STIPULATED**

*/s/* DennisC. Vacco  
DENNIS C. VACCO  
ERIC M. SOEHNLEIN  

Lippes Mathias Wexler Friedman LLP  
50 Fountain Plaza, Suite 1700  
Buffalo, New York 14203  
Telephone: (716) 853-5100  
Fascimile: (716) 853-5199  
Email: Dvacco@lippes.Com  

*Counsel for Defendants Douglas MacKinnon, Northern Resolution Group, LLC, and Enhanced Acquisitions, LLC*

*/s/* Stefanie Isser Goldblatt  
STEFANIE ISSER GOLDBLATT  
JADE A. BURNS  

Consumer Financial Protection Bureau  
1700 G Street, NW  
Washington, DC 20552  
Telephone: (212) 328-7011  
Facsimile: (212) 328-7050  
Email: stefanie.goldblatt@cfpb.gov  

*Counsel for Plaintiff Consumer Financial Protection Bureau*


*/s/* Joseph G. Makowski  
JOSEPH G. MAKOWSKI  
APRIL J. ORLOWSKI  

Joseph G. Makowski, LLC  
448 Delaware Avenue  
Buffalo, New York 14202  
Telephone: (716) 881-1890  
Facsimile: (716) 551-0828  
Email: jmakowski@aol.com  

*Counsel for Defendants Mark Gray and Delray Capital, LLC*

*/s/* James M. Morrissey  
JAMES M. MORRISSEY  
CHRISTOPHER BOYD  

Assistant Attorney General  
350 Main Street, Suite 300A  
Buffalo, New York 14202  
Telephone: (716) 853-8471  
Fascimile: (716) 853-8414  
Email: James.Morrissey@ag.ny.gov  

*Counsel for Plaintiff State of New York*


**IT IS SO ORDERED**

Dated: _____

_____
Hon. H. Kenneth Schroeder, Jr.

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Western District of New York on _____ [date] in the case of *Consumer Financial Protection Bureau, et al. v. MacKinnon, et al.*, 1:16-CV-00880-FPG-HKS. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of New York for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____