**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU AND THE PEOPLE OF THE STATE OF NEW YORK, BY ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL FOR THE STATE OF NEW YORK, <br><br> Plaintiffs, <br><br> v. <br><br> DOUGLAS MACKINNON, MARK GRAY, NORTHERN RESOLUTION GROUP, LLC, ENHANCED ACQUISITIONS, LLC, AND DELRAY CAPITAL, LLC, <br><br> Defendants. | No. 1:16-CV-00880-FPG-HKS |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANTS DOUGLAS MACKINNON, NORTHERN RESOLUTION GROUP, LLC AND ENHANCED ACQUISITIONS, LLC TO PRODUCE DOCUMENTS IN RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR DOCUMENTS**

Plaintiff People of the State of New York respectfully submit this reply memorandum in further support of Plaintiffs' motion for the Court to order defendants Douglas MacKinnon, Northern Resolution Group, LLC and Enhanced Acquisitions, LLC ("MacKinnon Defendants") to produce documents in response to Plaintiffs' First Request for Production of Documents ("First Request"). Plaintiff's First Request was served over six months ago, on June 7, 2017.

Due to the MacKinnon Defendants' repeated failure to voluntarily comply with their discovery obligations, Plaintiffs filed a motion to compel the production of documents on October 2, 2017 (ECF No. 32-1, the "Motion"). As discussed in the Motion, Plaintiffs repeatedly attempted to obtain documents from Defendants without Court intervention, to little avail. Subsequent to the filing of the Motion, the MacKinnon Defendants made two document

productions, including a production on the day before they filed their response to the Motion (ECF No. 37, Soehnlein Dec. ¶ 3.)  The MacKinnon Defendants now claim that their belated productions render the Motion moot.  The MacKinnon Defendants are incorrect as a matter of law and fact.

### I.   Plaintiffs' Motion to Compel Production Is Not Moot Because the MacKinnon Defendants Have Not Established Full Compliance with Plaintiffs' Requests

While the MacKinnon Defendants now claim that they "have complied with Plaintiffs' request for documents," (*id.*) their responses to Plaintiffs' First Request are to the contrary.  In response to the majority of Plaintiffs' document requests, the MacKinnon Defendants state that they "will continue to search for additional responsive materials."  (ECF No. 37-4, MacKinnon Def's Resp. to 1st RFP at 3-9.)  Indeed, counsel for the MacKinnon Defendants acknowledges that "Defendants continue to search for responsive materials and will amend/supplement their response if such materials become available at a future date."  (Soehnlein Dec. ¶ 6.) While Rule 34 does impose an obligation to supplement, this provision does not excuse a party's failure to perform a prompt and diligent search of the documents currently in their possession.

Although the MacKinnon Defendants state that they have made a good faith attempt to produce responsive materials and that "all available materials" have now been produced, these statements are in tension with their assertion that they are continuing to search for responsive documents.  The MacKinnon Defendants should be required "to verify either that all documents have been produced after a diligent search, or alternatively, that despite a diligent search, no responsive documents were found."  *Lutes v. Kawasaki Motors Corp.*, 2014 U.S. Dist. LEXIS 173202, at *4 (D. Conn. Dec. 16, 2014).  Plaintiffs' First Request for Production was served on June 7, 2017, over six months ago.  This should have been sufficient time for the MacKinnon Defendants to conduct a diligent search.

The MacKinnon Defendants also appear to be taking too narrow a view of their discovery obligations.  Rule 34 requires the MacKinnon Defendants to produce documents in their "possession, custody or control."  In response to Plaintiffs' First Request, the MacKinnon Defendants have responded that they "are not in possession of any documents" relating to certain requests (ECF No. 37-2, Oct. 6, 2017 Ltr. from S. O'Brien).  But possession is only one aspect of the Rule 34 analysis.

The MacKinnon Defendants are required to produce all documents in their possession, custody or control—including records held by other persons or entities—but to which they have a legal right of access:

> Rule 34(a) of the Federal Rules of Civil Procedure, which allows document requests to be made "as to items in the responding party's possession, custody, or control," enables a party seeking discovery "to require production of documents beyond the actual possession of the opposing party if such party has retained any *right or ability to influence* the person in whose possession the documents lie." Additionally, a court in this District held that documents are discoverable under Rule 34 "when that party has the right, authority or practical ability to obtain the documents from a non-party to the action."

*Commonwealth of the N. Mar. I. v. Millard*, 287 F.R.D. 204, 209 (S.D.N.Y. 2012) (quoting *Tomlinson v. El Paso Corp.*, 245 F.R.D. 474, 476-77 (D. Colo. 2007)) (emphasis in original). Therefore, the MacKinnon Defendants are required to produce documents held by corporate entities and individuals from whom they have the ability to obtain responsive documents, including documents held by third-parties or vendors with whom defendants "contracted with" to provide services, as set forth in their prior interrogatory and document responses.  One category of such documents would include all billing records, disputes and correspondence from Billing Tree, Moneygram, EMerchant Solutions—to name a few—relating to Enhanced Acquisitions

and Delray that are in the custody of NCW Billing, Elite Processing Solutions, ADMS, Integrity

Revenue, Cooper Financial and any other companies who provided such services.

Fact depositions in this matter are set to conclude by March 30, 2018, which is quickly

approaching.  Plaintiffs need time to review all responsive documents in the MacKinnon

Defendants' possession, custody and control to prepare for and take all necessary depositions.

The MacKinnon Defendants' repeated assertion that they are *still*—many months after Plaintiffs'

First Request for Production was served—continuing to search for responsive documents creates

the risk that they will attempt to sandbag Plaintiffs with evidence at the close of discovery.  The

Federal Rules of Civil Procedure are designed to prohibit such tactics.  *Coleman v. Atl. Richfield*

*Co.*, 2016 U.S. Dist. LEXIS 91931, at *53 (W.D.N.Y. July 14, 2016) ("The purpose of the rule is

to prevent the practice of 'sandbagging' an adversary with new evidence.") (quoting *Ventra v.*

*United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000)).  As such, Plaintiffs reserve their

rights to seek the preclusion of any documents not timely produced in response to Plaintiffs'

requests for production in this action or any other appropriate sanction.  *See, e.g., New World*

*Sols., Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287, 310 (S.D.N.Y. 2015) (precluding use of

evidence that was not timely produced).

Given the foregoing, Plaintiffs' Motion is not moot and should be granted to the extent

described above.

## II.     If Plaintiffs' Motion to Compel Is Not Granted, It Should Be Held In Abeyance

Rule 37 provides that, for a motion to compel disclosure, "[i]f the motion is granted—or

if the disclosure *or requested discovery is provided after the motion was filed*—the court must . .

. require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable

expenses incurred in making the motion, including attorney's fees . . . ." Fed. R. Civ. P. 37

(a)(5)(A) (emphasis added).  Here, it is undisputed that the MacKinnon Defendants made multiple productions only after Plaintiffs filed the instant Motion.  (Soehnlein Dec. ¶ 5.) Plaintiffs are therefore presumptively entitled to the costs of this Motion.  *Ippolito v. Goord*, 2008 U.S. Dist. LEXIS 94136, at *4 (W.D.N.Y. Nov. 18, 2008) ("[W]hen the disclosure of requested discovery materials is provided only after a motion to compel is filed, Rule 37 requires the responding party to pay the movant's reasonable expenses.")

Plaintiffs have encountered difficulty receiving prompt and complete discovery responses from Defendants multiple times in this action.  While Plaintiffs do not seek the costs of this Motion at this time, they reserve the right to do so in the event that the MacKinnon Defendants' conduct necessitates additional discovery related motion practice.

In any event, if the Court declines to grant the Motion at this time, the Motion should be held in abeyance until the MacKinnon Defendants certify that they have completed a diligent search for responsive documents and have produced all responsive documents in their possession, custody and control.  *C.f. Ross v. UKI Ltd.*, 2003 U.S. Dist. LEXIS 17955, at *7 (S.D.N.Y. Oct. 8, 2003) (holding motion to compel in abeyance).

## CONCLUSION

For the aforementioned reasons, the Court should grant Plaintiffs' motion to compel or, alternatively, hold it in abeyance.

Dated: December 15, 2017          Respectfully submitted,

*/s/ Christopher L. Boyd*
JAMES M. MORRISSEY
CHRISTOPHER L. BOYD
Assistant Attorneys General
350 Main Street, Suite 300A
Buffalo, New York 14202
Telephone: (716) 853-8457
Facsimile: (716) 853-8414
Email: Christopher.Boyd@ag.ny.gov

*Counsel for Plaintiff State of New York*