**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

CONSUMER FINANCIAL PROTECTION
BUREAU AND THE PEOPLE OF THE
STATE OF NEW YORK, BY ERIC T.
SCHNEIDERMAN, ATTORNEY GENERAL
FOR THE STATE OF NEW YORK,

      Plaintiffs,

      v.

DOUGLAS MACKINNON, MARK GRAY,
NORTHERN RESOLUTION GROUP, LLC,
ENHANCED ACQUISITIONS, LLC,
AND DELRAY CAPITAL, LLC,

      Defendants.

No. 1:16-CV-00880-FPG-HKS

---

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**MOTION TO COMPEL (1)  DEFENDANTS TO ELECT WHETHER THEY WILL**
**RAISE AN ADVICE-OF-COUNSEL DEFENSE; (2) DEFENDANTS TO PROVIDE**
**COMPLETE ANSWERS TO INTERROGATORY NO. 2; AND (3) NONPARTY**
**ATTORNEYS TO COMPLY WITH SUBPOENAS**

Plaintiffs have repeatedly asked Defendants a simple question: will Defendants rely upon
an advice-of-counsel defense in this action?  Defendants' failure to provide a definite response
has necessitated this Motion.

Pursuant to Rules 26, 33, and 45 of the Federal Rules of Civil Procedure, Plaintiff the
People of the State of New York ("Plaintiff") respectfully requests that this Court grant its
motion to compel: (1) Defendants to elect whether they will raise an advice-of-counsel defense
within 14 days of the Court's order or else the defense will be deemed waived; (2) Defendants to
provide complete answers to Plaintiffs' Interrogatory No. 2, which requires Defendants to state
whether they will claim an advice of counsel defense, within 14 days of the Court's order; and

(3) nonparty attorneys to comply with Plaintiffs' subpoenas seeking testimony and documents if Defendants elect to raise an advice-of-counsel defense, resulting in a waiver of privilege.

Plaintiffs have repeatedly attempted to ascertain whether Defendants intend to rely upon an advice-of-counsel defense in this action.  Defendants' responses—when they have bothered to respond—have been evasive.  Defendants claim to "reserve the right to rely upon advice of counsel at trial in this matter" while simultaneously refusing to waive the attorney-client privilege, and preventing Plaintiff from obtaining discovery into any such advice. In light of approaching discovery deadlines and the significant amount of time that has passed since Plaintiffs first raised this issue in June 2017, the Court should compel Defendants to elect whether they will raise an advice-of-counsel defense within 14 days of the Court's order or else the defense will be deemed waived. If Defendants elect to raise such a defense, then they should be ordered to provide the relevant information requested by Interrogatory No. 2 of Plaintiffs' First Set of Interrogatories, and the nonparty attorneys who provided such advice to Defendants should be ordered to comply with Plaintiffs' subpoenas for testimony and documents.

## FACTUAL BACKGROUND

The People of the State of New York and the Consumer Financial Protection Bureau (the "Bureau" or "CFPB") allege that Defendants engaged in a massive, illegal debt-collection scheme in violation of numerous federal and state consumer protection laws. (Compl. ¶¶ 1, 8, ECF No. 1.) Of particular relevance here are the allegations that Defendants routinely added $200 to each debt they purchased, even though the underlying consumer contracts and relevant state law did not permit it.  (*Id*. ¶¶ 50, 59.)

On June 5, 2017, Plaintiffs served their First Set of Interrogatories to each Defendant. (Boyd Decl. Ex. A.)  Two of the three interrogatories seek information concerning whether

Defendants relied on the advice of counsel in making certain decisions relevant to the allegations in the Complaint and whether Defendants intend to rely on the advice of counsel as a defense in this action. (*See id.*) During the course of Plaintiffs' pre-suit investigation, defendant Douglas MacKinnon testified during an investigational hearing that his attorney advised him about whether additional amounts could be added to the principal of a consumer debt for collection purposes; raising the possibility of a potential advice-of-counsel defense. (Boyd Decl. Ex. B, at 109:19-111:19). Accordingly, Plaintiffs served the following interrogatories:

> Interrogatory No. 1:
> State whether You have ever relied on the advice of counsel in determining the amount You added to the Principal of a consumer debt for collection purposes, and for each such instance describe: (a) the name and address of the counsel on whose advice You relied, (b) the purpose and duration of the attorney-client relationship, (c) the date of the advice, and (d) whether the advice was in writing, regardless of the format.

> Interrogatory No. 2:
> Will You claim as a defense in this action the reliance on the advice of counsel? If so, state each claim as to which You intend to rely on the defense of advice of counsel and the basis of such defense.

(Boyd Decl. Ex. A).

On August 18, 2017, defendants Douglas MacKinnon, Northern Resolution Group, LLC, and Enhanced Acquisitions, LLC (collectively, the "MacKinnon Defendants") responded to Plaintiffs' First Set or Interrogatories. (Boyd Decl. Ex. C.) Although the MacKinnon Defendants identified counsel who provided certain advice, they refused to answer whether they intend to raise an advice-of-counsel defense in this action. In response to Interrogatory No. 1, they stated:

> Defendants relied on the advice of the following counsel between September 2009 until the cessation of business operations: (1) Rodney Giove, 754 Park Place, Niagara Falls, New York 14301; (2) Carl Steinbrenner, 104 Troup Street, Rochester, New York 14608; and (3) Joseph Makowski, 448 Delaware Avenue, Buffalo, New York 14202. Defendants engaged counsel for various purposes attendant to business operations. At this time, Defendants do not recall the duration of the attorney-client relationship or whether advice provided by counsel was in writing.

*Id.* at 3. And in response to Interrogatory No. 2 they stated:

> At this early stage of discovery, Defendants have not yet had an opportunity to review the entirety of the allegations made against them or the evidence in this case. Defendants expressly reserve the right to rely upon advice of counsel at trial in this matter. At this time, however, they do not know whether they will interpose such a defense. Defendants object to the remainder of this Interrogatory because Defendants have no obligation to explain the reasoning or basis underlying Defendants' legal contentions.

*Id.* at 4. On September 1, 2017, the defendants Mark Gray and Delray Capital, LLC (collectively,

the "Gray Defendants") provided similar responses to Interrogatories Nos. 1 and 2:

> Defendant recalls having conversations with the following counsel between October 2008 until the cessation of business operations: (1) Rodney Giove, 754 Park Place, Niagara Falls, New York 14301; and (2) Carl Steinbrenner, 104 Troup Street, Rochester, New York 14608. Defendant engaged counsel for various purposes attendant to business operations. At this time, Defendant does not recall the duration of the attorney-client relationship or whether advice provided by counsel was in writing.
>
> ***
>
> At this early stage of discovery, Defendant has not yet had an opportunity to review the entirety of allegations made against him or the evidence in this case. Defendant expressly reserves the right to rely upon advice of counsel at trial in this matter. At this time, however, Defendant does not know whether he will interpose such a defense. With respect to the remainder of the Interrogatory, Defendant objects on the grounds that he has no obligations to explain the reasoning or basis underlying his legal contentions.

(Boyd Decl. Ex. D, at 3, 9.)

Following receipt of Defendants' interrogatory responses, Plaintiffs notified Defendants that they planned to serve subpoenas for testimony and documents on the counsel collectively identified in response to Interrogatory No. 1: Rodney Giove, Carl Steinbrenner, and Joseph Makowski. (Boyd Decl. Ex. E.) As the subpoena schedules make clear, Plaintiffs are seeking information relevant to any advice provided to Defendants by counsel related "to determining the amount that may be added to the principal of a consumer debt for collection purposes." (*Id.* at 6, 12, 18.)

Plaintiffs effected service on Mr. Giove on September 27, 2017, and on Mr. Steinbrenner on October 4, 2017. (Boyd Decl. Ex. F, at 2; Ex. G.) However, Mr. Makowski, who is counsel of record for the Gray Defendants in this action, has not yet been served. (Boyd Decl. ¶ 13.)  After receiving notice of the subpoena, Mr. Makowski informed Plaintiffs that contrary to the MacKinnon Defendants' response to Interrogatory No. 1, he has never provided any legal advice to the MacKinnon Defendants, orally or in writing, on whether fees, interests, and other costs may be added to the principal of a debt prior to collection. (*Id*. ¶ 14.) Plaintiffs communicated Mr. Makowski's position to counsel for the MacKinnon Defendants, Eric Soehnlein, and inquired whether they would enter a stipulation memorializing Mr. Makowski's position and obviating the need for his deposition. (*Id*. ¶ 15.) Although Mr. Soehnlein expressed a willingness to enter a stipulation subject to his client's consent (*id*. ¶ 16), counsel has failed to acknowledge or sign the stipulation Plaintiffs provided on October 19, 2017 (*id*. ¶¶ 17-18). Plaintiffs have gone to great lengths to avoid having to subpoena opposing counsel in this action.

On September 28, 2017, Mr. Giove acknowledged receipt of the subpoena. (Boyd Decl. Ex. F, at 2.) The following day he informed Assistant Attorney General James Morrissey that he could not attend the deposition on the date noticed in the subpoena and requested that the deposition be rescheduled. (*Id.*) On October 3, 2017, AAG Morrissey reached out to Mr. Giove regarding his availability and reminded him that all responsive documents were due by October 26, 2017. (*Id* at 1.) On October 5, 2017, AAG Morrissey informed Mr. Giove and all parties that his deposition was rescheduled for November 28, 2017, and again reminded Mr. Giove that all responsive documents were due by October 26, 2017. (*Id.*) On November 8, 2017, AAG Morrissey emailed Mr. Giove to inquire about the status of his document production, requesting that Mr. Giove provide the documents or state that he did not intend to comply with the

subpoena. (Boyd Decl. Ex. I, at 2-3.) Finally, on November 14, 2017, Mr. Giove informed

Plaintiffs for the first time that "in absence of a court order requiring me to produce same, I

cannot voluntarily provide any documents which could be responsive to the subpoena since I

cannot ethically provide same and breach any attorney client privilege."  (Boyd Decl. Ex. I, at 1-

2.) He further informed Plaintiffs that he would not answer any questions about the legal advice

provided to Defendants. (*Id.*) After pointing out that Mr. Giove failed to raise any objection to

the subpoena or produce a privilege log, Plaintiffs agreed to confirm whether Defendants waive

the privilege as to any legal advice related to Defendants' addition of amounts to the principal of

a consumer debt for collection purposes. (*Id.* at 1.) Plaintiffs also agreed to postpone the

deposition and seek a court order compelling Mr. Giove's documents and testimony if

Defendants refused to waive the attorney-client privilege. (*Id.*)

On October 4, 2017, Plaintiffs served Mr. Steinbrenner with a subpoena identical to that

served on Mr. Giove. (Boyd Decl. Ex. J; Ex. G.) By a combination of email and overnight mail,

CFPB Attorney Stefanie Isser Goldblatt reached out to Mr. Steinbrenner on October 11 and

October 13, 2017, to confirm his availability for testimony. (Boyd Decl. Ex. J.) Mr. Steinbrenner

responded by email on October 19, 2017, informing Plaintiffs that he was unavailable for

testimony on the proposed date and that he would "contact [Plaintiffs] next week regarding some

alternative dates." (Boyd Decl. Ex. K, at 2.) Failing to hear again from Mr. Steinbrenner, CFPB

Attorney Goldblatt again reached out to him by email and overnight mail on October 19, 31, and

November 2, 2017, but never received a response. (Boyd Decl. Ex. K, at 1-2; Ex. L.) On

November 15, 2017, CFPB Attorney Goldblatt sent a final email requesting that by 5:00 p.m. the

next day Mr. Steinbrenner: "(1) provide all responsive documents or state that none exist; (2)

confirm whether or not you will testify on November 28, and (3) confirm that you will not refuse

to answer questions regarding legal advice provided to any defendants related to potential defenses in this action." (Boyd Decl. Ex. M.) She further advised that if Mr. Steinbrenner failed to respond, Plaintiffs would seek an order from the Court compelling his testimony and relevant documents and holding him in contempt. (*Id.*) Finally, on November 30, 2017, Mr. Steinbrenner sent an email claiming the he had been out of the state for several weeks and that the "proposed November 28th date obviously is not feasible." (Boyd Decl. Ex. N.) Although he failed to advise as requested whether he would answer questions regarding the legal advice provided to Defendants, he stated his view that the documents requested are within the scope of the attorney-client privilege. (*Id.*)

Despite having notice of the subpoenas for over two months, neither Defendants nor the nonparty attorneys have raised objections or moved to quash. (Boyd Decl. ¶ 32.) Plaintiffs, however, reached out to Defendants to resolve the instant dispute upon learning that Mr. Giove refused to comply with the subpoena based on the attorney-client privilege. On November 15, 2017, CFPB Attorney Jade Burns emailed counsel for all Defendants seeking clarification of whether they agreed to waive privilege as to certain legal advice.  (Boyd Decl. Ex. O, at 2-3.) She requested that by the following day all counsel advise whether "defendants waive the attorney-client privilege as to any advice provided by either Rodney Giove or Carl Steinbrenner relevant to issues in this matter." (*Id.*) In response, Mr. Soehnlein emailed Plaintiffs stating that the MacKinnon Defendants would not waive privilege "[a]t this time." (*Id.* at 1.) Mr. Soehnlein also requested that Plaintiffs grant the MacKinnon Defendants additional time to explore this issue before seeking judicial intervention. (*Id.*) Although Plaintiffs believe that Defendants had sufficient time to decide whether they would raise an advice-of-counsel defense, they agreed to an extension and requested that the MacKinnon Defendants inform Plaintiffs of their position by

November 24, 2017. (*Id.*) The MacKinnon Defendants have not provided an updated response to date.  (Boyd Decl. ¶ 36.)

Similarly, counsel for the Gray Defendants failed to respond to CFPB Attorney Burns' request regarding waiver of the attorney client-privilege by the stated deadline. (*Id.* ¶ 37.) On or around November 17, 2017, AAG Morrissey and Joseph Makowski, counsel for the Gray Defendants, spoke by telephone and discussed, *inter alia*, the position of the Gray Defendants. (*Id.* ¶ 38.) Although Mr. Makowski agreed to inform Plaintiffs by November 22, 2017, whether the Gray Defendants waive the attorney-client privilege, Plaintiffs have not received a response to date. (*Id.* ¶¶ 38-39.)

Plaintiffs seek the answer to a simple question.  Defendants' evasive responses have necessitated the filing of this Motion.

## ARGUMENT

**1.    The Court Should Compel Defendants to Elect Whether to Raise an Advice-of-Counsel Defense By a Date Certain to Allow Sufficient Time for Discovery**

The Court should exercise its discretion to order Defendants to elect whether they will raise an advice-of-counsel defense within 14 days of the Court's order or else the defense will be deemed waived. *See, e.g.*, *Baker v. Orleans Cty.*, No. 96-CV-0503E(SC), 1997 WL 436703, at *1 (W.D.N.Y. July 21, 1997) ("[D]istrict courts are given reasonable latitude and discretion to establish a priority or to fashion an appropriate sequence of the discovery to be performed in each case."). Courts routinely require parties to elect whether they will raise an advice-of-counsel defense in advance of the close of discovery and in time to allow for reasonable discovery into the defense, or else waive the defense. *In re Buspirone Patent Litig.*, 210 F.R.D. 43, 55 (S.D.N.Y. 2002) ("[P]laintiffs are entitled to a reasonable time for discovery on any defenses . . ., and [defendant] must clearly elect whether it will raise an advice-of-counsel

defense before the close of discovery and in time to allow for such discovery."); *see also, e.g.*, *United States v. Medicor Assocs., Inc.*, No. 1:10-cv-00245-JFC (ERIE), 2014 WL 12588331, at *8 (W.D. Pa. June 16, 2014) (ordering party to disclose assertion of an advice-of-counsel defense "no later than four months before the close of fact discovery to allow Plaintiff adequate time to conduct any related discovery"); *Arista Records LLC v. Lime Grp. LLC*, No. 06 CV 5936 (KMW), 2011 WL 1642434, at *2 (S.D.N.Y. Apr. 20, 2011) (emphasis in original) ("[A] party who intends to rely at trial on the advice of counsel must make a full disclosure during discovery*; failure to do so constitutes a waiver of the advice-of-counsel defense.*"); *In re WorldCom, Inc. Sec. Litig.*, No, 02 Civ. 3288(DLC), 2004 WL 936320, at *1 (S.D.N.Y. May 3, 2004) (setting deadline for asserting advice-of-counsel defense approximately one month prior to close of discovery); *In re HealthSouth Corp. Sec. Litig.*, No. CV-03-BE-1500-S, 2007 U.S. Dist. LEXIS 103854, at *19-20 (N.D. Ala. Oct. 26, 2007) (setting deadline for assertion of advice-of-counsel defense five months before close of discovery).

Circumstances here warrant a court-ordered deadline for Defendants. First, Plaintiffs explicitly raised the advice-of-counsel issue with Defendants approximately six months ago when they served their First Set of Interrogatories in June 2017, shortly after discovery began. (*Supra* pp. 2-3.) Moreover, defendant MacKinnon testified in 2015 during the pre-suit investigation that he relied on the advice of counsel in determining whether his companies could add additional amounts to the principal of a consumer debt for collection purposes—one of the two categories of wrongdoing alleged in the Complaint. (*See* Boyd Decl. Ex. B, at 109:19-111:19.) Defendants clearly have had sufficient notice of this issue and significant time to make a decision. Second, the present discovery schedule sets the last day for fact depositions as March 30, 2018. (Order, Apr. 6, 2017, ECF No. 20). If Defendants elect to raise an advice-of-counsel

defense, Plaintiffs intend to depose the attorneys that provided the advice. (*See* Boyd Decl. Ex. E.) And, as described above, Plaintiffs have already experienced significant difficulty in reaching two of the attorneys identified thus far by Defendants. (*See supra* pp. 4-8.) Compelling Defendants by a date certain to elect an advice-of-counsel defense, and describe that defense in accordance with Interrogatory No. 2 of Plaintiff's First Set of Interrogatories, will reduce the likelihood of unnecessary delay in discovery.

2.      **The Court Should Compel Compliance with the Nonparty Subpoenas if Defendants Raise an Advice-of-Counsel Defense**

If Defendants elect to raise an advice-of-counsel defense by the date ordered by the Court, the Court should compel Messrs. Giove and Steinbrenner to testify and provide documents related to matters pertinent to the asserted defense. "It is well established doctrine that in certain circumstances a party's assertion of factual claims can, out of considerations of fairness to the party's adversary, result in the involuntary forfeiture of privileges for matters pertinent to the claims asserted." *John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003). This "implied waiver" or "at-issue waiver" may arise when a "party attempts to use the privilege both as a shield and a sword by partially disclosing privileged communications or affirmatively relying on them to support its claim or defense and then shielding the underlying communications from scrutiny." *Crawford v. Coram Fire Dist.*, No. 12 CV 3850(DRH)(WDW), 2014 WL 1686203, at *4 (E.D.N.Y. Apr. 29, 2014) (internal citation and punctuation marks omitted). Indeed, the "assertion of an 'advice-of-counsel' defense has been properly described as a 'quintessential example' of an implied waiver of the privilege." *In re Cty. of Erie*, 546 F.3d 222, 228 (2d Cir. 2008).

If Defendants elect to raise an advice-of-counsel defense here, they will indisputably waive the attorney-client privilege as to matters pertinent to that defense. *See, e.g.*, *id*. Plaintiffs

have already served subpoenas for testimony and documents on the attorneys identified by Defendants as having provided advice to Defendants regarding the amounts that could be added to the principal of a consumer debt for collection purposes. (*See supra* p. 4.)

Moreover, as detailed above, neither the Defendants nor Messrs. Giove or Steinbrenner moved to quash or modify the subpoenas, produced a privilege log, or served objections. (*See supra* p. 7.) All were required to provide any objections to the subpoenas, including objections based on privilege, within fourteen days. Fed. R. Civ. P. 45(d)(2)(B); *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) ("[A] person responding to a subpoena should at least assert any privileges within the 14 days provided in Rule 45([d])(2)(B)."); *Micillo v. Liddle & Robinson LLP*, No. 15-CV-6141 (JMF), 2016 U.S. Dist. LEXIS 67247, at *10 (S.D.N.Y. May 23, 2016) (holding that privilege was waived where objections and privilege log were not timely served).  Although Mr. Giove belatedly informed Plaintiffs that he could not provide the documents or testimony sought because it was protected by the attorney-client privilege (*see supra* pp. 4-6), his generalized assertion of privilege is untimely and fails to comply with the requirements of Rule 45.  Therefore, even if Defendants had not waived privilege by invoking the advice-of-counsel defense, their failure to seek to quash Plaintiffs' subpoenas seeking such information from Messrs. Giove or Steinbrenner has resulted in a waiver.

Accordingly, the Court should issue an order compelling Messrs. Giove and Steinbrenner to comply with the subpoenas and provide relevant documents and testimony upon Defendants' election to raise an advice-of-counsel defense, and that any further objections to the subpoenas are untimely and have been waived.

**CONCLUSION**

For the aforementioned reasons, the Court should grant Plaintiff's motion to compel: (1) Defendants to elect whether they will raise an advice-of-counsel defense within 14 days of the Court's order or else the defense will be deemed waived; (2) Defendants to provide complete answers to Interrogatory No. 2 regarding any advice-of-counsel defense within 14 days of the Court's order; and (3) nonparty attorneys to comply with Plaintiffs' subpoenas seeking testimony and documents if and when Defendants elect to raise an advice-of-counsel defense.

Dated: December 15, 2017
      Buffalo, New York

Respectfully submitted,

*/s/ Christopher L. Boyd*
JAMES M. MORRISSEY
CHRISTOPHER L. BOYD

Assistant Attorneys General
350 Main Street, Suite 300A
Buffalo, New York 14202
Telephone: (716) 853-8457
Facsimile: (716) 853-8414
Email: Christopher.Boyd@ag.ny.gov

*Counsel for Plaintiff State of New York*