UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU AND THE PEOPLE OF THE STATE OF NEW YORK, BY ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL FOR THE STATE OF NEW YORK,<br><br>Plaintiffs,<br><br>v.<br><br>DOUGLAS MACKINNON, MARK GRAY, NORTHERN RESOLUTION GROUP, LLC, ENHANCED ACQUISITIONS, LLC, AND DELRAY CAPITAL, LLC,<br><br>Defendants. | No. 1:16-CV-00880-FPG-HKS |

**DECLARATION OF CHRISTOPHER BOYD IN SUPPORT
OF PLAINTIFF'S MOTION TO COMPEL (1) DEFENDANTS TO ELECT WHETHER
THEY WILL RAISE AN ADVICE-OF-COUNSEL DEFENSE; (2) DEFENDANTS TO
PROVIDE COMPLETE ANSWERS TO INTERROGATORY NO. 2; AND (3)
NONPARTY ATTORNEYS TO COMPLY WITH SUBPOENAS**

Christopher Boyd, Esq., an attorney admitted to practice before this Court, declares under penalty of perjury that the following is true and correct, in accordance with 28 U.S.C. § 1746:

1.      I am an Assistant Attorney General in the office of Eric T. Schneiderman, Attorney General of the State of New York ("OAG"). I am responsible for the prosecution of this case and am fully familiar with the facts and circumstances thereof. I submit this declaration and attached exhibits in support of Plaintiff People of the State of New York's motion to compel (1) Defendants to elect whether they will raise an advice-of-counsel defense within 14 days of the Court's order or else the defense will be deemed waived; (2) Defendants to provide complete answers to Interrogatory No. 2 within 14 days of the Court's order; and (3) nonparty attorneys to

comply with Plaintiff's subpoenas seeking testimony and documents if and when Defendants elect to raise an advice-of-counsel defense.

2. The People of the State of New York and the Consumer Financial Protection Bureau ("Bureau" or "CFPB") served their First Set of Interrogatories to all Defendants on June 5, 2017, by email and overnight mail. Two of the three interrogatories seek information concerning whether Defendants relied on the advice of counsel in making certain decisions relevant to the allegations in the Complaint and whether Defendants intend to rely on the advice of counsel as a defense in this action. Copies of Plaintiffs' Interrogatories are annexed hereto as Exhibit A.

3. On November 23, 2015, Defendant Douglas MacKinnon testified during a pre-suit investigational hearing that his attorney advised him about whether additional amounts could be added to the principal of a consumer debt for collection purposes; raising the possibility of a potential advice-of-counsel defense. A copy of relevant excerpts of Douglas MacKinnon's Hearing Transcript, taken on Nov. 23, 2015, are annexed hereto as Exhibit B.

4. On August 18, 2017, defendants Douglas MacKinnon, Northern Resolution Group, LLC, and Enhanced Acquisitions, LLC (collectively, the "MacKinnon Defendants") responded to Plaintiffs' First Set or Interrogatories. A copy of the MacKinnon Defendants' response is annexed hereto as Exhibit C.

5. On September 1, 2017, defendants Mark Gray and Delray Capital, LLC (collectively, the "Gray Defendants") responded to Plaintiffs' First Set or Interrogatories. A copy of the Gray Defendants' response is annexed hereto as Exhibit D.

6. In response to Interrogatory No. 1, the MacKinnon Defendants identified three counsel who purportedly provided them with legal advice in determining the amounts they added

to the principal of a consumer debt for collection purposes: Rodney Giove, Carl Steinbrenner, and Joseph Makowski. (Ex. C.)

7. In response to Interrogatory No. 2, the MacKinnon Defendants stated that: "Defendants expressly reserve the right to rely upon advice of counsel at trial in this matter. At this time, however, they do not know whether they will interpose such a defense." (*Id.*)

8. In response to Interrogatory No. 1, the Gray Defendants identified two counsel who provided them with legal advice in determining the amounts they added to the principal of a consumer debt for collection purposes: Rodney Giove and Carl Steinbrenner. (Ex. D.)

9. In response to Interrogatory No. 2, the Gray Defendants stated that: "Defendant expressly reserves the right to rely upon advice of counsel at trial in this matter. At this time, however, Defendant does not know whether he will interpose such a defense." (Ex. D.)

10. On September 20, 2017, Plaintiffs served all Defendants with notice of subpoenas to Rodney Giove, Carl Steinbrenner, and Joseph Makowski for testimony and documents. A copy of Plaintiffs' subpoenas are annexed hereto as Exhibit E.

11. Mr. Giove accepted service of the subpoena by email and acknowledged receipt on September 28, 2017. A copy of Mr. Giove's emails are annexed hereto as Exhibit F.

12. Plaintiffs effected personal service of the subpoena on Mr. Steinbrenner on October 4, 2017. A copy of proof of service is annexed hereto as Exhibit G.

13. Plaintiffs have not yet served Mr. Makowski with a subpoena. This is because Plaintiffs wish to avoid subpoenaing opposing counsel if possible.

14. I understand that on or around September 28, 2017, Mr. Makowski informed my co-counsel, James M. Morrissey, in sum and substance, that contrary to the MacKinnon Defendants' response to Interrogatory No. 1, he has never provided any legal advice to the

3

MacKinnon Defendants, orally or in writing, on whether fees, interests, and other costs may be added to the principal of a debt prior to collection.

15.     I understand that, on October 4, 2017, Mr. Morrissey communicated Mr. Makowski's position to Eric Soehnlein, counsel for the MacKinnon Defendants, and inquired whether they would enter a stipulation memorializing Mr. Makowski's position and obviating the need for his deposition.

16.     I understand that Mr. Soehnlein expressed a willingness to enter such a stipulation subject to his client's consent.

17.     On October 19, 2017, Mr. Morrissey emailed a proposed stipulation to Mr. Soehnlein. A copy of Mr. Morrissey's email and proposed stipulation is annexed hereto as Exhibit H.

18.     Counsel for the MacKinnon Defendants neither acknowledged nor responded to the proposed stipulation.

19.      I understand that after receiving no response from Mr. Soehnlein regarding the proposed stipulation, Mr. Morrissey and Mr. Makowski discussed the possibility of Mr. Makowski submitting a declaration setting forth his position regarding the purported legal advice he provided to the MacKinnon Defendants.

20.     On September 29, 2017, Mr. Giove informed AAG Morrissey that he could not attend the deposition on the date noticed in the subpoena and requested that the deposition be rescheduled.  (Ex. F at 2.)

21.     On October 3, 2017, Mr. Morrissey reached out to Mr. Giove regarding his availability and reminded him that all responsive documents were due by October 26, 2017. (*Id*. at 1.)

4

22. On October 5, 2017, Mr. Morrissey informed Mr. Giove and all parties that his deposition was rescheduled for November 28, 2017, and again reminded Mr. Giove that all responsive documents were due by October 26, 2017. (*Id.*)

23. On November 8, 2017, Mr. Morrissey emailed Mr. Giove to inquire about the status of his document production, requesting that Mr. Giove provide the documents or state that he did not intend to comply with the subpoena. A copy of Mr. Giove's email is annexed hereto as Exhibit I.

24. On November 14, 2017, Mr. Giove informed Plaintiffs for the first time that "in absence of a court order requiring me to produce same, I cannot voluntarily provide any documents which could be responsive to the subpoena since I cannot ethically provide same and breach any attorney client privilege." He further informed Plaintiffs that he would not answer any questions about the legal advice provided to Defendants. (Ex. I at 1-2.)

25. After pointing out that Mr. Giove failed to raise any objection to the subpoena or produce a privilege log, Plaintiffs agreed to confirm whether Defendants agree to waive the privilege as to any legal advice related to Defendants' addition of amounts to the principal of a consumer debt for collection purposes. Plaintiffs also agreed to postpone the deposition and seek a court order compelling Mr. Giove's documents and testimony if Defendants refused to waive the attorney-client privilege. (*Id.* at 1.)

26. On October 4, 2017, Plaintiffs served Mr. Steinbrenner with a subpoena identical to that served on Mr. Giove. A copy of proof of service is annexed hereto as Exhibit G.

27. By a combination of email and overnight mail, CFPB Attorney Stefanie Isser Goldblatt reached out to Mr. Steinbrenner on October 11 and October 13, 2017, to confirm his availability for testimony. A copy of this email correspondence is annexed hereto as Exhibit J.

28. Mr. Steinbrenner responded by email on October 19, 2017, informing Plaintiffs that he was unavailable for testimony on the proposed date and that he would "contact [Plaintiffs] next week regarding some alternative dates." A copy of Mr. Steinbrenner's email is annexed hereto as Exhibit K.

29. Failing to hear again from Mr. Steinbrenner, Ms. Goldblatt again reached out to him by email and overnight mail on October 19, 31, and November 2, 2017, but never received a response. A copy of this correspondence is annexed hereto as Exhibit L.

30. On November 15, 2017, Ms. Goldblatt sent a final email requesting that by 5:00 p.m. the next day Mr. Steinbrenner: "(1) provide all responsive documents or state that none exist; (2) confirm whether or not you will testify on November 28, and (3) confirm that you will not refuse to answer questions regarding legal advice provided to any defendants related to potential defenses in this action." She further advised that if Mr. Steinbrenner failed to respond, Plaintiffs would seek an order from the Court compelling his testimony and relevant documents and holding him in contempt. A copy of Ms. Goldblatt's email is annexed hereto as Exhibit M.

31. On November 30, 2017, Mr. Steinbrenner sent an email claiming the he had been out of the state for several weeks and that the "proposed November 28th date obviously is not feasible." Although he failed to advise as requested whether he would answer questions regarding the legal advice provided to Defendants, he stated his view that the documents requested are within the scope of the attorney-client privilege. A copy of Mr. Steinbrenner's email is annexed hereto as Exhibit N.

32. Neither Defendants nor the nonparty attorneys have served objections or moved to quash the subpoenas.

33.     On November 15, 2017, CFPB Attorney Jade Burns emailed counsel for all Defendants seeking clarification of whether they agreed to waive privilege as to certain legal advice. She requested that by the following day all counsel advise whether "defendants waive any attorney-client privilege as to legal advice provided by Messrs. Giove and Steinbrenner relevant [to] any potential defense in this case." A copy of Ms. Burns' email is annexed hereto as Exhibit O.

34.     In response, counsel for the MacKinnon Defendants, Eric Soehnlein, emailed Plaintiffs stating that the MacKinnon Defendants would not waive privilege "at this time." Mr. Soehnlein also requested that Plaintiffs grant the MacKinnon Defendants additional time to explore this issue before seeking judicial intervention. (Ex. O at 1.)

35.     Although Plaintiffs believe that Defendants had sufficient time to decide whether they would raise an advice-of-counsel defense, they agreed to a short delay and requested that the MacKinnon Defendants inform Plaintiffs of their position by November 24, 2017. (*Id.*)

36.     The MacKinnon Defendants have not provided an updated response to date.

37.     Counsel for the Gray Defendants failed to respond to Ms. Burns's request regarding waiver of the attorney client-privilege by the stated deadline.

38.     I understand that on or around November 17, 2017, Mr. Morrissey spoke via telephone with Joseph Makowski, counsel for the Gray Defendants, and discussed, *inter alia*, the position of the Gray Defendants. Mr. Makowski agreed to inform Plaintiffs by November 22, 2017, whether the Gray Defendants waive the attorney-client privilege.

39.     Plaintiffs have received no response to date.

40.     As set forth above, Plaintiffs have attempted to resolve these discovery disputes at issue prior to filing the instant motion to compel.

41. As explained in the accompanying memorandum of law, Plaintiffs are entitled to know whether Defendants intend to rely on an advice of counsel defense, and if so, Plaintiffs are entitled to discovery from the attorneys providing such advice.

Dated: December 15, 2017
      Buffalo, New York

                                    */s/ Christopher L. Boyd*
                                    Christopher L. Boyd