# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CONSUMER FINANCIAL PROTECTION
BUREAU *et al*,

                Plaintiffs,

    vs.

DOUGLAS MACKINNON, *et al*.        Case No. 1:16-cv-00880


                Defendants.
_____

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT NORTHERN RESOLUTION GROUP, LLC

Pursuant to F.R.C.P. 33, Plaintiffs Consumer Financial Protection Bureau and People of the State of New York (collectively, "Plaintiffs") request Defendant Northern Resolution Group, LLC answer each of the following interrogatories within 30 days of service of this discovery request.


## <u>INSTRUCTIONS</u>

A. The instructions set forth in Fed. R. Civ. P. 26, 33, and Local Rule 26 are incorporated herein by reference.  Responses should be supplemented as required by Fed. R. Civ. P. 26(e).

B. Unless otherwise specified, these Interrogatories request information for the period of January 1, 2009 to the present.  If it is necessary to refer to a prior time to fully answer an Interrogatory, you should do so.

C.  In answering these Interrogatories, furnish all information that is known or available to you, regardless of whether the information is in your or your agents' possession, custody, or control.

D.  If you cannot answer all or part of any interrogatory after exercising due diligence to secure the information to do so, answer the interrogatory to the extent possible, specifying why full compliance is not possible, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempting to secure the unknown information.

E.  If you assert a claim of privilege in responding to or objecting to any interrogatory, state the nature of the privilege and the basis for the claim in accordance with Local Rule 26(e).

F.  If you timely object to any part of the interrogatory, specifically state the reason(s) for the objection(s) and answer all parts of such interrogatory to which you do not object.

G.  Any Documents produced in response to an interrogatory shall be produced in accordance with the attached Discovery Requests Document Submission Standards.

H.  If anything is deleted from a Document produced in response to an interrogatory, list: (a) the reason for the deletion and (b) the subject matter of the deletion.

I.  Words in the masculine or feminine form shall include each of the other genders.

J.  The present tense shall include the past and future tenses.

K.  The singular shall include the plural, and the plural shall include the singular.

L.  If any material called for by these Interrogatories contains sensitive personally identifiable information or sensitive health information of any individual, contact

2

Plaintiffs' counsel before producing this material to discuss ways to protect such

information during productions.

## DEFINITIONS

All definitions and rules of construction set forth in the Federal Rules of Civil Procedure,

including Rule 33, and Local Rule 26(d) are incorporated herein by reference.  In addition to

those definitions and rules, the following terms used in these Interrogatories shall have the

meanings set forth as follows:

A. "**Principal**" means the amount written- or charged-off by the originator of the debt.

B. "**You**" and "**Your**" means Defendant Northern Resolution Group, LLC and any agents

acting on its behalf including, but not limited to employees of Defendants herein,

accountants, attorneys, or representatives.

## INTERROGATORIES

1. State whether You have ever relied on the advice of counsel in determining the amount
   You added to the Principal of a consumer debt for collection purposes, and for each such
   instance describe: (a) the name and address of the counsel on whose advice You relied,
   (b) the purpose and duration of the attorney-client relationship, (c) the date of the advice,
   and (d) whether the advice was in writing, regardless of the format.

2. Will You claim as a defense in this action the reliance on the advice of counsel?  If so,
   state each claim as to which You intend to rely on the defense of advice of counsel and
   the basis of such defense.

3. Identify all companies and individuals who performed payment processing services for
   You, including, without limitation, NCW Billing, LLC, ADMS, LLC, Elite Payment
   Solutions, LLC, and Integrity Advance, LLC.  For each company or individual, list (a)
   the time period for which such payment processing services were provided; and (b) the
   third party payment processing company to which claims were submitted (for example,
   Billing Tree).

Dated: June 5, 2017                    Respectfully submitted,


                                       /s/James M. Morrissey
                                       JAMES M. MORRISSEY
                                       CHRISTOPHER BOYD
                                       350 Main Street, Suite 300A
                                       Buffalo, NY 14202
                                       (716) 853-8471
                                       james.morrissey@ag.ny.gov
                                       christopher.boyd@ag.ny.gov
                                       *Attorneys for Plaintiff People of the State of New York*

                                       /s/ Stefanie Isser Goldblatt
                                       Stefanie Isser Goldblatt
                                       Jade A, Burns
                                       1700 G Street, NW
                                       Washington, DC 20552
                                       (212) 328-7009-8471
                                       Stefanie.Goldblatt@cfpb.gov
                                       Jade.Burns@cfpb.gov
                                       *Attorneys for Plaintiff Consumer Financial Protection Bureau*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2017, a copy of **PLAINTIFFS' FIRST SET OF INTERROGATORIES TO NORTHERN RESOLUTION GROUP, LLC** was served via UPS Standard Overnight shipping and electronic mail on the following:

Eric Soehnlein, Esq.
Dennis C. Vacco, Esq.
50 Fountain Plaza, Ste 1700
Buffalo, NY 14202
dvacco@lippes.com
esoehnlein@lippes.com
*Counsel for Defendants Gregory MacKinnon, Angela Burforf, Megan VanDeViver, Vantage Point Services, LLC, and Payment Management Solutions, LLC.*

Joseph Makowski, Esq.
April Orlowski, Esq.
448 Delaware Ave
Buffalo, NY 14292
jmakowski@aol.com
april@makowskilawoffice.com
*Counsel for Mark Gray and Delray Capital, LLC*

/s/ James M. Morrissey
JAMES M. MORRISSEY
*Attorney for Plaintiff the People of the State of New York*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CONSUMER FINANCIAL PROTECTION
BUREAU *et al*,

                         Plaintiffs,

      vs.

DOUGLAS MACKINNON, *et al*.           Case No. 1:16-cv-00880

                       Defendants.
_____

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## TO DEFENDANT DOUGLAS MACKINNON

     Pursuant to F.R.C.P. 33, Plaintiffs Consumer Financial Protection Bureau and People of the State of New York (collectively, "Plaintiffs") request Defendant Douglas MacKinnon answer each of the following interrogatories within 30 days of service of this discovery request.

## <u>INSTRUCTIONS</u>

A. The instructions set forth in Fed. R. Civ. P. 26, 33, and Local Rule 26 are incorporated herein by reference.  Responses should be supplemented as required by Fed. R. Civ. P. 26(e).

B. Unless otherwise specified, these Interrogatories request information for the period of January 1, 2009 to the present.  If it is necessary to refer to a prior time to fully answer an Interrogatory, you should do so.

C.  In answering these Interrogatories, furnish all information that is known or available to you, regardless of whether the information is in your or your agents' possession, custody, or control.

D.  If you cannot answer all or part of any interrogatory after exercising due diligence to secure the information to do so, answer the interrogatory to the extent possible, specifying why full compliance is not possible, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempting to secure the unknown information.

E.  If you assert a claim of privilege in responding to or objecting to any interrogatory, state the nature of the privilege and the basis for the claim in accordance with Local Rule 26(e).

F.  If you timely object to any part of the interrogatory, specifically state the reason(s) for the objection(s) and answer all parts of such interrogatory to which you do not object.

G.  Any Documents produced in response to an interrogatory shall be produced in accordance with the attached Discovery Requests Document Submission Standards.

H.  If anything is deleted from a Document produced in response to an interrogatory, list: (a) the reason for the deletion and (b) the subject matter of the deletion.

I.  Words in the masculine or feminine form shall include each of the other genders.

J.  The present tense shall include the past and future tenses.

K.  The singular shall include the plural, and the plural shall include the singular.

L.  If any material called for by these Interrogatories contains sensitive personally identifiable information or sensitive health information of any individual, contact

Plaintiffs' counsel before producing this material to discuss ways to protect such information during productions.

## DEFINITIONS

All definitions and rules of construction set forth in the Federal Rules of Civil Procedure, including Rule 33, and Local Rule 26(d) are incorporated herein by reference. In addition to those definitions and rules, the following terms used in these Interrogatories shall have the meanings set forth as follows:

A. "**Principal**" means the amount written- or charged-off by the originator of the debt.

B. "**You**" and "**Your**" means Defendant Douglas MacKinnon and any agents acting on his behalf including, but not limited to employees of Defendants herein, accountants, attorneys, or representatives.

## INTERROGATORIES

1. State whether You have ever relied on the advice of counsel in determining the amount You added to the Principal of a consumer debt for collection purposes, and for each such instance describe: (a) the name and address of the counsel on whose advice You relied, (b) the purpose and duration of the attorney-client relationship, (c) the date of the advice, and (d) whether the advice was in writing, regardless of the format.

2. Will You claim as a defense in this action the reliance on the advice of counsel? If so, state each claim as to which You intend to rely on the defense of advice of counsel and the basis of such defense.

3. Identify all companies and individuals who performed payment processing services for You, Northern Resolution Group, LLC, Enhanced Acquisition, LLC and Delray Capital, LLC, including, without limitation, NCW Billing, LLC, ADMS, LLC, Elite Payment Solutions, LLC, and Integrity Advance, LLC. For each company or individual, list (a) the time period for which such payment processing services were provided; and (b) the third party payment processing company to which claims were submitted (for example, Billing Tree).

Dated: June 5, 2017                              Respectfully submitted,


/s/James M. Morrissey
JAMES M. MORRISSEY
CHRISTOPHER BOYD
350 Main Street, Suite 300A
Buffalo, NY 14202
(716) 853-8471
james.morrissey@ag.ny.gov
christopher.boyd@ag.ny.gov
*Attorneys for Plaintiff People of the State of*
*New York*

/s/ Stefanie Isser Goldblatt
Stefanie Isser Goldblatt
Jade A, Burns
1700 G Street, NW
Washington, DC 20552
(212) 328-7009-8471
Stefanie.Goldblatt@cfpb.gov
Jade.Burns@cfpb.gov
*Attorneys for Plaintiff Consumer Financial*
*Protection Bureau*

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2017, a copy of **PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DOUGLAS MACKINNON** was served via UPS Standard Overnight shipping and electronic mail on the following:

Eric Soehnlein, Esq.
Dennis C. Vacco, Esq.
50 Fountain Plaza, Ste 1700
Buffalo, NY 14203
dvacco@lippes.com
esoehnlein@lippes.com
*Counsel for Defendants Gregory MacKinnon, Angela Burforf, Megan VanDeViver, Vantage Point Services, LLC, and Payment Management Solutions, LLC.*

Joseph Makowski, Esq.
April Orlowski, Esq.
448 Delaware Ave
Buffalo, NY 14292
jmakowski@aol.com
april@makowskilawoffice.com
*Counsel for Mark Gray and Delray Capital, LLC*

/s/ James M. Morrissey
JAMES M. MORRISSEY
*Attorney for Plaintiff the People of the State of New York*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CONSUMER FINANCIAL PROTECTION
BUREAU *et al*,

                       Plaintiffs,

     vs.

DOUGLAS MACKINNON, *et al*.           Case No. 1:16-cv-00880


                       Defendants.

_____


### PLAINTIFFS' FIRST SET OF INTERROGATORIES
### TO DEFENDANT ENHANCED ACQUISITIONS, LLC

      Pursuant to F.R.C.P. 33, Plaintiffs Consumer Financial Protection Bureau and People of the State of New York (collectively, "Plaintiffs") request Defendant Enhanced Acquisitions, LLC answer each of the following interrogatories within 30 days of service of this discovery request.


### <u>INSTRUCTIONS</u>

A.  The instructions set forth in Fed. R. Civ. P. 26, 33, and Local Rule 26 are incorporated herein by reference.  Responses should be supplemented as required by Fed. R. Civ. P. 26(e).

B.  Unless otherwise specified, these Interrogatories request information for the period of January 1, 2009 to the present.  If it is necessary to refer to a prior time to fully answer an Interrogatory, you should do so.

C.  In answering these Interrogatories, furnish all information that is known or available to you, regardless of whether the information is in your or your agents' possession, custody, or control.

D.  If you cannot answer all or part of any interrogatory after exercising due diligence to secure the information to do so, answer the interrogatory to the extent possible, specifying why full compliance is not possible, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempting to secure the unknown information.

E.  If you assert a claim of privilege in responding to or objecting to any interrogatory, state the nature of the privilege and the basis for the claim in accordance with Local Rule 26(e).

F.  If you timely object to any part of the interrogatory, specifically state the reason(s) for the objection(s) and answer all parts of such interrogatory to which you do not object.

G.  Any Documents produced in response to an interrogatory shall be produced in accordance with the attached Discovery Requests Document Submission Standards.

H.  If anything is deleted from a Document produced in response to an interrogatory, list: (a) the reason for the deletion and (b) the subject matter of the deletion.

I.  Words in the masculine or feminine form shall include each of the other genders.

J.  The present tense shall include the past and future tenses.

K.  The singular shall include the plural, and the plural shall include the singular.

L.  If any material called for by these Interrogatories contains sensitive personally identifiable information or sensitive health information of any individual, contact

Plaintiffs' counsel before producing this material to discuss ways to protect such

information during productions.

## DEFINITIONS

All definitions and rules of construction set forth in the Federal Rules of Civil Procedure,

including Rule 33, and Local Rule 26(d) are incorporated herein by reference.  In addition to

those definitions and rules, the following terms used in these Interrogatories shall have the

meanings set forth as follows:

A. "**Principal**" means the amount written- or charged-off by the originator of the debt.

B. "**You**" and "**Your**" means Defendant Enhanced Acquisitions, LLC and any agents acting

on its behalf including, but not limited to employees of Defendants herein, accountants,

attorneys, or representatives.

## INTERROGATORIES

1. State whether You have ever relied on the advice of counsel in determining the amount
   You added to the Principal of a consumer debt for collection purposes, and for each such
   instance describe: (a) the name and address of the counsel on whose advice You relied,
   (b) the purpose and duration of the attorney-client relationship, (c) the date of the advice,
   and (d) whether the advice was in writing, regardless of the format.

2. Will You claim as a defense in this action the reliance on the advice of counsel?  If so,
   state each claim as to which You intend to rely on the defense of advice of counsel and
   the basis of such defense.

3. Identify all companies and individuals who performed payment processing services for
   You, including, without limitation, NCW Billing, LLC, ADMS, LLC, Elite Payment
   Solutions, LLC, and Integrity Advance, LLC.  For each company or individual, list (a)
   the time period for which such payment processing services were provided; and (b) the
   third party payment processing company to which claims were submitted (for example,
   Billing Tree).

Dated: June 5, 2017                                Respectfully submitted,

/s/James M. Morrissey
JAMES M. MORRISSEY
CHRISTOPHER BOYD
350 Main Street, Suite 300A
Buffalo, NY 14202
(716) 853-8471
james.morrissey@ag.ny.gov
christopher.boyd@ag.ny.gov
*Attorneys for Plaintiff People of the State of
New York*

/s/ Stefanie Isser Goldblatt
Stefanie Isser Goldblatt
Jade A, Burns
1700 G Street, NW
Washington, DC 20552
(212) 328-7009-8471
Stefanie.Goldblatt@cfpb.gov
Jade.Burns@cfpb.gov
*Attorneys for Plaintiff Consumer Financial
Protection Bureau*

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2017, a copy of **PLAINTIFFS' FIRST SET OF INTERROGATORIES TO ENHANCED ACQUISITIONS, LLC** was served via UPS Standard Overnight shipping and electronic mail on the following:

Eric Soehnlein, Esq.
Dennis C. Vacco, Esq.
50 Fountain Plaza, Ste 1700
Buffalo, NY 14202
dvacco@lippes.com
esoehnlein@lippes.com
*Counsel for Defendants Gregory MacKinnon, Angela Burforf, Megan VanDeViver, Vantage Point Services, LLC, and Payment Management Solutions, LLC.*

Joseph Makowski, Esq.
April Orlowski, Esq.
448 Delaware Ave
Buffalo, NY 14292
jmakowski@aol.com
april@makowskilawoffice.com
*Counsel for Mark Gray and Delray Capital, LLC*

/s/ James M. Morrissey
JAMES M. MORRISSEY
*Attorney for Plaintiff the People of the State of New York*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CONSUMER FINANCIAL PROTECTION
BUREAU *et al*,

                               Plaintiffs,

           vs.

DOUGLAS MACKINNON, *et al*.           Case No. 1:16-cv-00880

                          Defendants.
_____

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## TO DEFENDANT DELRAY CAPITAL, LLC

Pursuant to F.R.C.P. 33, Plaintiffs Consumer Financial Protection Bureau and People of the State of New York (collectively, "Plaintiffs") request Defendant Delray Capital, LLC answer each of the following interrogatories within 30 days of service of this discovery request.

## <u>INSTRUCTIONS</u>

A. The instructions set forth in Fed. R. Civ. P. 26, 33, and Local Rule 26 are incorporated herein by reference.  Responses should be supplemented as required by Fed. R. Civ. P. 26(e).

B. Unless otherwise specified, these Interrogatories request information for the period of January 1, 2009 to the present.  If it is necessary to refer to a prior time to fully answer an Interrogatory, you should do so.

C.  In answering these Interrogatories, furnish all information that is known or available to you, regardless of whether the information is in your or your agents' possession, custody, or control.

D.  If you cannot answer all or part of any interrogatory after exercising due diligence to secure the information to do so, answer the interrogatory to the extent possible, specifying why full compliance is not possible, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempting to secure the unknown information.

E.  If you assert a claim of privilege in responding to or objecting to any interrogatory, state the nature of the privilege and the basis for the claim in accordance with Local Rule 26(e).

F.  If you timely object to any part of the interrogatory, specifically state the reason(s) for the objection(s) and answer all parts of such interrogatory to which you do not object.

G.  Any Documents produced in response to an interrogatory shall be produced in accordance with the attached Discovery Requests Document Submission Standards.

H.  If anything is deleted from a Document produced in response to an interrogatory, list: (a) the reason for the deletion and (b) the subject matter of the deletion.

I.  Words in the masculine or feminine form shall include each of the other genders.

J.  The present tense shall include the past and future tenses.

K.  The singular shall include the plural, and the plural shall include the singular.

L.  If any material called for by these Interrogatories contains sensitive personally identifiable information or sensitive health information of any individual, contact

Plaintiffs' counsel before producing this material to discuss ways to protect such

information during productions.

## DEFINITIONS

All definitions and rules of construction set forth in the Federal Rules of Civil Procedure,

including Rule 33, and Local Rule 26(d) are incorporated herein by reference.  In addition to

those definitions and rules, the following terms used in these Interrogatories shall have the

meanings set forth as follows:

A. "**Principal**" means the amount written- or charged-off by the originator of the debt.

B. "**You**" and "**Your**" means Defendant Delray Capital, LLC and any agents acting on its

behalf including, but not limited to employees of Defendants herein, accountants,

attorneys, or representatives.

## INTERROGATORIES

1. State whether You have ever relied on the advice of counsel in determining the amount
   You added to the Principal of a consumer debt for collection purposes, and for each such
   instance describe: (a) the name and address of the counsel on whose advice You relied,
   (b) the purpose and duration of the attorney-client relationship, (c) the date of the advice,
   and (d) whether the advice was in writing, regardless of the format.

2. Will You claim as a defense in this action the reliance on the advice of counsel?  If so,
   state each claim as to which You intend to rely on the defense of advice of counsel and
   the basis of such defense.

3. Identify all companies and individuals who performed payment processing services for
   You, including, without limitation, NCW Billing, LLC, ADMS, LLC, Elite Payment
   Solutions, LLC, and Integrity Advance, LLC.  For each company or individual, list (a)
   the time period for which such payment processing services were provided; and (b) the
   third party payment processing company to which claims were submitted (for example,
   Billing Tree).

Dated: June 5, 2017                        Respectfully submitted,


                                           /s/James M. Morrissey
                                           JAMES M. MORRISSEY
                                           CHRISTOPHER BOYD
                                           350 Main Street, Suite 300A
                                           Buffalo, NY 14202
                                           (716) 853-8471
                                           james.morrissey@ag.ny.gov
                                           christopher.boyd@ag.ny.gov
                                           *Attorneys for Plaintiff People of the State of*
                                           *New York*

                                           /s/ Stefanie Isser Goldblatt
                                           Stefanie Isser Goldblatt
                                           Jade A, Burns
                                           1700 G Street, NW
                                           Washington, DC 20552
                                           (212) 328-7009-8471
                                           Stefanie.Goldblatt@cfpb.gov
                                           Jade.Burns@cfpb.gov
                                           *Attorneys for Plaintiff Consumer Financial*
                                           *Protection Bureau*

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2017, a copy of **PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DELRAY CAPITAL, LLC** was served via UPS Standard Overnight shipping and electronic mail on the following:

Eric Soehnlein, Esq.
Dennis C. Vacco, Esq.
1700 Fountain Plaza, Ste 1700
Buffalo, NY 14202
dvacco@lippes.com
esoehnlein@lippes.com
*Counsel for Defendants Gregory MacKinnon, Angela Burforf, Megan VanDeViver, Vantage Point Services, LLC, and Payment Management Solutions, LLC.*

Joseph Makowski, Esq.
April Orlowski, Esq.
448 Delaware Ave
Buffalo, NY 14292
jmakowski@aol.com
april@makowskilawoffice.com
*Counsel for Mark Gray and Delray Capital, LLC*

/s/ James M. Morrissey
JAMES M. MORRISSEY
*Attorney for Plaintiff the People of the State of New York*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CONSUMER FINANCIAL PROTECTION
BUREAU *et al*,

                              Plaintiffs,

        vs.

DOUGLAS MACKINNON, *et al*.                   Case No. 1:16-cv-00880

                              Defendants.
_____

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## TO DEFENDANT MARK GRAY

        Pursuant to F.R.C.P. 33, Plaintiffs Consumer Financial Protection Bureau and People of

the State of New York (collectively, "Plaintiffs") request Defendant Mark Gray answer each of

the following interrogatories within 30 days of service of this discovery request.


## <u>INSTRUCTIONS</u>

A.  The instructions set forth in Fed. R. Civ. P. 26, 33, and Local Rule 26 are incorporated

    herein by reference.  Responses should be supplemented as required by Fed. R. Civ. P.

    26(e).

B.  Unless otherwise specified, these Interrogatories request information for the period of

    January 1, 2009 to the present.  If it is necessary to refer to a prior time to fully answer an

    Interrogatory, you should do so.

C.  In answering these Interrogatories, furnish all information that is known or available to you, regardless of whether the information is in your or your agents' possession, custody, or control.

D.  If you cannot answer all or part of any interrogatory after exercising due diligence to secure the information to do so, answer the interrogatory to the extent possible, specifying why full compliance is not possible, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempting to secure the unknown information.

E.  If you assert a claim of privilege in responding to or objecting to any interrogatory, state the nature of the privilege and the basis for the claim in accordance with Local Rule 26(e).

F.  If you timely object to any part of the interrogatory, specifically state the reason(s) for the objection(s) and answer all parts of such interrogatory to which you do not object.

G.  Any Documents produced in response to an interrogatory shall be produced in accordance with the attached Discovery Requests Document Submission Standards.

H.  If anything is deleted from a Document produced in response to an interrogatory, list: (a) the reason for the deletion and (b) the subject matter of the deletion.

I.  Words in the masculine or feminine form shall include each of the other genders.

J.  The present tense shall include the past and future tenses.

K.  The singular shall include the plural, and the plural shall include the singular.

L.  If any material called for by these Interrogatories contains sensitive personally identifiable information or sensitive health information of any individual, contact

Plaintiffs' counsel before producing this material to discuss ways to protect such

information during productions.

## DEFINITIONS

All definitions and rules of construction set forth in the Federal Rules of Civil Procedure,

including Rule 33, and Local Rule 26(d) are incorporated herein by reference.  In addition to

those definitions and rules, the following terms used in these Interrogatories shall have the

meanings set forth as follows:

A. "**Principal**" means the amount written- or charged-off by the originator of the debt.

B. "**You**" and "**Your**" means Defendant Mark Gray and any agents acting on his behalf

including, but not limited to employees of Defendants herein, accountants, attorneys, or

representatives.

## INTERROGATORIES

1. State whether You have ever relied on the advice of counsel in determining the amount
   You added to the Principal of a consumer debt for collection purposes, and for each such
   instance describe: (a) the name and address of the counsel on whose advice You relied,
   (b) the purpose and duration of the attorney-client relationship, (c) the date of the advice,
   and (d) whether the advice was in writing, regardless of the format.

2. Will You claim as a defense in this action the reliance on the advice of counsel?  If so,
   state each claim as to which You intend to rely on the defense of advice of counsel and
   the basis of such defense.

3. Identify all companies and individuals who performed payment processing services for
   You, Northern Resolution Group, LLC, Enhanced Acquisition, LLC and Delray Capital,
   LLC, including, without limitation, NCW Billing, LLC, ADMS, LLC, Elite Payment
   Solutions, LLC, and Integrity Advance, LLC.  For each company or individual, list (a)
   the time period for which such payment processing services were provided; and (b) the
   third party payment processing company to which claims were submitted (for example,
   Billing Tree).

Dated: June 5, 2017                    Respectfully submitted,

/s/James M. Morrissey
JAMES M. MORRISSEY
CHRISTOPHER BOYD
350 Main Street, Suite 300A
Buffalo, NY 14202
(716) 853-8471
james.morrissey@ag.ny.gov
christopher.boyd@ag.ny.gov
*Attorneys for Plaintiff People of the State of New York*

/s/ Stefanie Isser Goldblatt
Stefanie Isser Goldblatt
Jade A, Burns
1700 G Street, NW
Washington, DC 20552
(212) 328-7009-8471
Stefanie.Goldblatt@cfpb.gov
Jade.Burns@cfpb.gov
*Attorneys for Plaintiff Consumer Financial Protection Bureau*

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2017, a copy of **PLAINTIFFS' FIRST SET OF INTERROGATORIES TO MARK GRAY** was served via UPS Standard Overnight shipping and electronic mail on the following:

Eric Soehnlein, Esq.
Dennis C. Vacco, Esq.
50 Fountain Plaza, Ste 1700
Buffalo, NY 14202
dvacco@lippes.com
esoehnlein@lippes.com
*Counsel for Defendants Gregory MacKinnon, Angela Burforf, Megan VanDeViver, Vantage Point Services, LLC, and Payment Management Solutions, LLC.*

Joseph Makowski, Esq.
April Orlowski, Esq.
448 Delaware Ave
Buffalo, NY 14292
jmakowski@aol.com
april@makowskilawoffice.com
*Counsel for Mark Gray and Delray Capital, LLC*

/s/ James M. Morrissey
JAMES M. MORRISSEY
*Attorney for Plaintiff the People of the State of New York*