UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

CONSUMER FINANCIAL PROTECTION
BUREAU, et al.,

                      Plaintiffs,

v.                                                  Case # 16-CV-880-FPG

                                                  DECISION AND ORDER

DOUGLAS MACKINNON, et al.,

                      Defendants.

## INTRODUCTION

Defendants Enhanced Acquisitions, LLC ("Enhanced"), Northern Resolution Group, LLC ("NRG"), Delray Capital, LLC ("Delray"), Douglas MacKinnon, and Mark Gray bring these counterclaims pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (2012), against Plaintiffs Consumer Financial Protection Bureau ("CFPB") and the People of the State of New York ("the State"). *See* ECF Nos. 13, 18. Defendants claim that, pursuant to the EAJA, they are entitled to their fees and expenses incurred.

Plaintiffs filed their Complaint on November 2, 2016. ECF No. 1. On February 27, 2017, Defendants Enhanced, NRG, and MacKinnon filed their Answer, which includes the counterclaim at issue.[1] ECF No. 13. Defendants Delray and Gray filed their Answer with a near-identical counterclaim on March 29, 2017. *See* ECF No. 18. The CFPB answered the two counterclaims on March 20, 2017 (ECF No. 17) and April 21, 2017 (ECF No. 22), respectively, and the State answered on March 9, 2017 (ECF No. 16) and April 10, 2017 (ECF No. 21), respectively. On June

---

[1]Defendants Enhanced, NRG, and MacKinnon filed what appears to be the same document, entitled "Answer and Counterclaims," on both February 24, 2017 and February 27, 2017. *See* ECF Nos. 11, 13. The Court refers to ECF No. 13 throughout its Decision and Order.

8, 2017, the CFPB and State filed their Joint Motion for Judgment on the Pleadings as to Defendants' Counterclaims under Federal Rule of Civil Procedure 12(c). ECF No. 27. For the reasons that follow, Plaintiffs' Motion is GRANTED.

## BACKGROUND

Plaintiffs allege that Defendants created and operated "a massive, illegal debt-collection scheme" in violation of "the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531(a), 5536(a), the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, N.Y. Executive Law 63(12), and N.Y. General Business Law §§ 349 and 601." ECF No. 1, at 1–2. In both of the Answers, Defendants maintain that "Plaintiffs' investigation, allegation and prosecution in this matter are not justified and, upon information and belief, were made in violation of 28 U.S.C. § 2412." ECF No. 13, at 14; ECF No. 18, at 14. Accordingly, each Answer includes a counterclaim for Defendants' "fees, costs, and other further relief." *See* ECF No. 13, at 14; ECF No. 18, at 14.

## LEGAL STANDARD

The standard of review for a Rule 12(c) motion for judgment on the pleadings is the same as that governing a Rule 12(b)(6) motion to dismiss for failure to state a claim. *E.g.*, *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). To be sufficient, a pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2002) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In that vein, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570). That

measure of plausibility requires "more than a sheer possibility that a defendant has acted unlawfully"—the pleaded facts must permit a "reasonable inference" of liability for the alleged misconduct. *Id.*; *see also Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (instructing that "all reasonable inferences" are to be taken in the plaintiff's favor). Beyond the complaint, a court ruling on a 12(c) motion also considers "the answer, any written documents attached to [the complaint or answer], and any matter of which the court can take judicial notice for the factual background of the case." *E.g.*, *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009) (per curiam)).

## DISCUSSION

Section (d)(1)(A) of the EAJA provides that, subject to any statutory exceptions,

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The Second Circuit has instructed that, with respect to the EAJA, a "prevailing party" is one that has "achieve[d] some material alteration of the legal relationship of the parties, [and] the change must also be judicially sanctioned." *Ma v. Chertoff*, 547 F.3d 342, 344 (2d Cir. 2008) (quoting *Roberson v. Guiliani*, 346 F.3d 75, 79 (2d Cir. 2003)) (adopting the definition of "prevailing party" articulated in *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598 (2001), for fee requests under the EAJA).

Defendants' counterclaims must be dismissed as procedurally improper. Defendants cannot be construed as "prevailing parties" entitled to fees because they have not achieved the requisite alteration in legal relationship with Plaintiffs. To the contrary, Defendants packaged their premature fee requests as counterclaims in their respective Answers to Plaintiffs' Complaint.

3

Tellingly, the EAJA instructs that the proper vehicle for a fee request is an application showing eligibility *after* a party has prevailed—not as a counterclaim within an answer. *See* 28 U.S.C. § 2412(d)(1)(B). Defendants' counterclaims thus fail to state any claim on which relief can be granted, and they must be dismissed.

## CONCLUSION

For the reasons stated, Plaintiffs' Joint Motion for Judgment on the Pleadings as to Defendants' Counterclaims (ECF No. 27) is GRANTED, and Defendants' counterclaims (ECF Nos. 13, 18) are DISMISSED.

IT IS SO ORDERED.

Dated: January 8, 2018
       Rochester, New York

                                                _____
                                                HON. FRANK P. GERACI, JR.
                                                Chief Judge
                                                United States District Court