UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU AND THE PEOPLE OF THE STATE OF NEW YORK, BY ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL FOR THE STATE OF NEW YORK,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DOUGLAS MACKINNON, MARK GRAY, NORTHERN RESOLUTION GROUP, LLC, ENHANCED ACQUISITIONS, LLC, AND DELRAY CAPITAL, LLC,<br><br>　　　　　Defendants. | No. 1:16-CV-00880-FPG-HKS |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANTS MARK GRAY AND DELRAY CAPITAL, LLC TO RESPOND TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS, TO COMPEL DELRAY CAPITAL, LLC TO RESPOND TO PLAINTIFFS' SECOND SET OF INTERROGATORIES AND FOR SANCTIONS**

Plaintiff People of the State of New York (the "OAG" or "Plaintiff") respectfully requests that this Court enter an order compelling a response to Plaintiffs' Second Request for Production of Documents to Defendants Mark Gray and Delray Capital, LLC (the "Requests for Production") and Plaintiffs' Second Set of Interrogatories to Defendant Delray Capital, LLC (the "Interrogatories," and together with the Request for Production, the "Requests").

Plaintiffs served the Requests on Defendants Mark Gray ("Gray") and Delray Capital, LLC ("Delray") over two months ago. Since that time, Defendants Gray and Delray have provided no response, despite repeated overtures from Plaintiffs' counsel. Given the complete

dereliction exhibited by Defendants Gray and Delray, the Court should grant this motion and impose an appropriate discovery sanction.

## BACKGROUND

On November 2, 2016, Plaintiffs filed this action against Defendants alleging violations of Sections 1031(a) and 1036(a) of the Consumer Financial Protection Act of 2010, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, N.Y. Executive Law, § 63(12), and N.Y. General Business Law §§ 349 and 601 in connection with the collection of consumer debt.  A discovery plan was entered on April 6, 2017, with a fact discovery closing date of June 22, 2018. (ECF No. 20).

On November 8, 2017, Plaintiffs served the Requests on Defendants Gray and Delray via email and overnight mail.  (Boyd Decl. Ex. A.) The Requests demanded responses within thirty days.  (Boyd Decl. Exs. B-C.)  Defendants Gray and Delray failed to respond to the Requests.

On December 20, 2017, James M. Morrissey, counsel for Plaintiff, sent emails to counsel for Gray and Delray concerning the lack of any response to Plaintiffs' Requests.  (Boyd Decl. Ex. D.)  Defendants Gray and Delray failed to respond.

On January 3, 2018, Christopher L. Boyd, counsel for Plaintiff, sent a letter to counsel for Gray and Delray, informing them that "[r]esponses to the Requests are long overdue" and warning that Plaintiffs "intend to move to compel responses to the Requests," but inviting "a meet & confer session to discuss these issues to attempt to obviate the need for motion practice." (Boyd Decl. Ex. E.)  Plaintiffs requested a response from Defendants Gray and Delray by January 10, 2018.  To date, Plaintiffs have received no response.

## ARGUMENT

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "Relevance 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'" *Albino v. Glob. Equip. USA, LTD.*, No. 6:14-cv-06519(MAT), 2017 U.S. Dist. LEXIS 114998, at *3-4 (W.D.N.Y. July 24, 2017) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Rule 37(a)(3)(B)(iii) and (iv) permit a party to move for an order compelling responses to interrogatories and the production of documents as demanded under Rules 33 and 34. Because Defendants Gray and Delray have failed to provide any response to the Requests, sanctions under Rule 37, in addition to an order compelling responses, are warranted. Where a party fails to respond to interrogatories or requests for production, the court may impose the full array of sanctions listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). These sanctions include:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part; [and]
(vi) rendering a default judgment against the disobedient party[.]

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi); *see Dish Network L.L.C. v. Scott*, No. 11-CV-00500A(F), 2012 U.S. Dist. LEXIS 137477, at *6 (W.D.N.Y. Sep. 25, 2012). Moreover, "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the

failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

"[A]n award of sanctions under Rule 37 should effectuate its three purposes: (1) obtaining compliance with discovery orders; (2) ensuring the disobedient party does not benefit from non-compliance; and (3) providing a general deterrent in the particular case and litigation in general." *Abreu v. City of N.Y.*, 208 F.R.D. 526, 529 (S.D.N.Y. 2002) (citations omitted).

In this case, Defendants Gray and Delray have provided no responses to the Requests and have ignored repeated inquiries from Plaintiff's counsel. At a minimum, Defendants Gray and Delray should be ordered to fully respond to the Requests and should be ordered to pay Plaintiff's costs associated with this motion. These costs should be apportioned evenly between Defendants Gray and Delray, and their counsel. Fed. R. Civ. P. 37(d)(3).

In the event that Defendants Gray and Delray fail to respond to the Requests after a court order directing them to do so, Plaintiff intends to request that the Court strike the answer filed by Defendants Gray and Delray and enter a default judgment against them. Fed. R. Civ. P. 37(b)(2)(A)(iii); (vi).

## CONCLUSION

Given the foregoing, Plaintiff's motion to compel should be granted and Defendants Gray and Delray should be sanctioned pursuant to Federal Rule 37.

Dated: January 17, 2018    Respectfully submitted,
      Buffalo, New York

*/s/ Christopher L. Boyd*
JAMES M. MORRISSEY
CHRISTOPHER L. BOYD

Assistant Attorneys General
350 Main Street, Suite 300A
Buffalo, New York 14202
Telephone: (716) 853-8471
Facsimile: (716) 853-8414
Email: Christopher.Boyd@ag.ny.gov

*Counsel for Plaintiff State of New York*