Exhibit B

Case 1:16-cv-00880-FPG-HKS Document 43-1 Filed 01/17/18 Page 1 of 9

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU AND THE PEOPLE OF THE STATE OF NEW YORK, BY ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL FOR THE STATE OF NEW YORK,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DOUGLAS MACKINNON, MARK GRAY, NORTHERN RESOLUTION GROUP, LLC, ENHANCED ACQUISITIONS, LLC, AND DELRAY CAPITAL, LLC,<br><br>　　　　Defendants. | No. 1:16-CV-00880-FPG-HKS<br><br>**PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS MARK GRAY AND DELRAY CAPITAL, LLC** |

　　　　Pursuant to Fed. R. Civ. Proc. 34, Plaintiffs Consumer Financial Protection Bureau and the People of the State of New York (collectively, "Plaintiffs") request Defendants Mark Gray and Delray Capital, LLC (collectively "Gray Defendants") produce the documents requested herein for inspection and copying at the offices of the New York Attorney General, Buffalo Division, 350 Main Street, Suite 300A, Buffalo, NY 14121, within thirty (30) days from the date of service.

## INSTRUCTIONS

A. The instructions set forth in Fed. R. Civ. P. 26, 34, and Local Rule 26 are incorporated herein by reference. Responses should be supplemented as required by Fed. R. Civ. P. 26(e).

B. Unless otherwise specified, these requests for the production of documents ("Requests") request information for the period of January 1, 2009 to the present. If it is necessary to refer to a prior time to fully answer a request, you should do so.

C. If you cannot answer all or part of any Request after exercising due diligence to secure the responsive documents, answer the Request to the extent possible, specifying why full compliance is not possible, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempting to secure the unknown information.

D. If any document or copy thereof was but is no longer in Your possession, custody or subject to Your control, please state and specify in detail for each such document: date, sender, recipient, persons to whom copies were provided together with their job titles, the information contained therein, the date upon which it ceased to exist, the disposition that was made of it, and identity of all persons having knowledge of the contents.

E. If you assert a claim of privilege in responding to or objecting to any Request, state the nature of the privilege and the basis for the claim in accordance with Local Rule 26(e).

F. If you timely object to any part of a Request, specifically state the reason(s) for the objection(s) and provide documents for all parts of such request to which you do not object.

G. Produce electronic data as an image file that preserves the integrity of the electronic document's contents, i.e., the original formatting of the document, its metadata, and, where applicable, its revision history.

H. Responsive documents shall be produced in accordance with the attached Discovery Requests Document Submission Standards.

I. Words in the masculine or feminine forms shall include each of the other genders.

J. The present tense shall include the past and future tenses.

K. The singular shall include the plural, and the plural shall include the singular.

L. If any material responsive to this Request contains sensitive personally identifiable information or sensitive health information of any individual, contact counsel for Plaintiffs before producing this material to discuss ways to protect such information during productions.

M. These requests are continuing in nature, such that if additional or different information and documents responsive to these requests become, or have become, available, promptly supplement.

## DEFINITIONS

All definitions and rules of construction set forth in the Federal Rules of Civil Procedure, including Rule 34, and Local Rule 26(d) are incorporated herein by reference. In addition to those definitions and rules, the following terms used in these Requests shall have the meanings set forth as follows:

A. **"Agreement"** means any contract, accord or agreement, whether oral or written, formal or informal, and includes all attachments, exhibits, supporting documents, and documents necessary to interpret the same.

B. **"Collection Entity or Individual"** means any individual or entity that collects on Consumer Debt.

C. **"Company"** means Delray Capital, LLC and any wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all principals, directors, officers, owners, employees, agents, representatives, consultants, attorneys, accountants, independent contractors, and any successor in interest.

D. **"Consumer"** means any natural person obligated or allegedly obligated to pay any debt.

E. **"Consumer Debt"** means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

F. **"Debt Seller"** means a Person that sold Consumer Debt to You.

G. "**Evaluation**" means any audit, due diligence, selection, review, or analysis.

H. **"Original Creditor"** means a Person which offers or extends credit creating a Consumer Debt or to which a Debt was owed prior to default.

I. **"Person"** means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity.

J. "**Principal**" means the total amount of money owed to the Original Creditor.

K. **"You"** or **"Your"** means Mark Gray or Delray Capital, LLC, or any wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all principals, directors, officers, owners, employees, agents, representatives, consultants, attorneys, accountants, independent contractors, and any successor in interest.

## REQUESTS FOR PRODUCTION

1. Without regard to the date limitation in Instruction B, documents sufficient to show the establishment, structure, ownership, management, and financing of the Company.

2. For each officer, employee, consultant, and independent contractor associated with the Company, documents sufficient to identify or describe the following for each: (i) name, (ii) titles and roles, (iii) dates of employment, (iv) email addresses (including, without limitation, any personal email addresses that were used for business purposes), and (v) last known address and telephone number.

3. All financial statements and supporting documents used in the creation of those financial statements for the Company, or, if any such financial statements do not exist, documents sufficient to create those financial statements completely and accurately.

4. For each Consumer Debt for which You collected, or attempted to collect, more than the Principal, documents sufficient to show the following:

    a. debtor's name and contact information;
    b. the Principal;

    c. all amounts greater than the Principal collected, or attempted to be collected, by You and a description or identification of any such amounts;
    d. the amount actually collected by You on the Consumer Debt account; and
    e. the Consumer Agreement or contract underlying the Consumer Debt for the Original Creditor of the Consumer Debt or identification of the related sample Consumer Agreement or contract produced in response to Request No. 6 of Plaintiffs' First Request for Production of Documents.

5. For each Consumer Debt placed by You that included amounts for collection greater than the Principal, documents sufficient to show the following:

    a. debtor's name and contact information;
    b. the Principal;
    c. all amounts greater than the Principal when placed and a description or identification of any such amounts;
    d. the amount actually collected by You or the Collection Entity on the Consumer Debt account; and
    e. the Consumer Agreement or contract underlying the Consumer Debt for the Original Creditor of the Consumer Debt or identification of the related sample Consumer Agreement or contract produced in response to Request No. 6 of Plaintiffs' First Request for Production of Documents.

6. Documents or communications, including but not limited to Consumer complaints, related to any of the following:

    a. the collection of amounts greater than the Principal for Consumer Debt collected by You or placed by You, including but not limited to the inclusion of amounts greater than Principal in databases used by Collection Entities seeking to collect on the debts;
    b. the impersonation of law-enforcement officials, government agencies, and court officers by a Person collecting Consumer Debt;
    c. threats of arrest or legal action against Consumers by a Person collecting Consumer Debt;
    d. the use of call-spoofing technologies, by a Person collecting Consumer Debt, to make it appear that Consumer Debt collectors are calling from government agencies;
    e. failure by You to comply with federal or state law with respect to Consumer Debt;
    f. any debt-collection lawsuit filed by You against a Consumer;
    g. any referral to a government entity to investigate or "prosecute" a Consumer in connection with debt owed made by You;
    h. any scripts or standard language for use by Collection Entities or Individuals in the collection of Consumer Debt, including but not limited to responses and rebuttals used by collectors and settlement tactics; or
    i. whether the collection of Consumer Debt by You violated any law or regulation, including but not limited to any letters, notices, complaints, cease-and-desist orders, or requests from any government or regulatory entity.

7. Documents sufficient to show all written instructions or guidelines regarding collection procedures and practices followed by You, including but not limited to those related to the use of any software program used in the collection process.

8. Documents sufficient to show any policies, procedures, or practices relating to the training, monitoring, or supervision of Collection Entities or Individuals.

9. Documents related to (a) any Evaluation performed by You on a Collection Entity or Individual, (b) any non-compliance with any law or regulation or internal standards revealed by any Evaluation, and (c) all ongoing compliance obligations imposed on Collection Entities or Individuals by You. Provide all documents reflecting actions taken or decisions made by You as a result of any such Evaluation, non-compliance with any law or regulation or internal standards, or ongoing compliance obligations imposed by You.

10. Documents related to (a) any Evaluation of Your business practices by any Debt Seller, (b) any non-compliance with any law or regulation revealed by any Evaluation, and (c) all ongoing compliance obligations imposed on You by a Debt Seller. Provide all documents reflecting actions taken or decisions made by You as a result of any such Evaluation.

Dated: November 8, 2017

Respectfully submitted,

/s/ *James M. Morrissey*
JAMES M. MORRISSEY
Christopher L. Boyd
Assistant Attorneys General
350 Main Street, Suite 300A
Buffalo, NY 14202
Telephone: (716) 853-8471
            (716) 853-8440
Email: james.morrissey@ny.ag.gov
       christopher.boyd@ny.ag.gov

*Attorneys for Plaintiff the People of the State of New York*

/s/ *Jade A. Burns*
JADE A. BURNS
Stefanie Isser Goldblatt
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone: (212) 328-7017
             (212) 328-7009
Email: jade.burns@cfpb.gov
          stefanie.goldblatt@cfpb.gov

*Attorney for Plaintiff Consumer Financial Protection Bureau*

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2017, a copy of **PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO GRAY DEFENDANTS** was served via overnight shipping and electronic mail on the following:

Joseph Makowski, Esq.
April Orlowski, Esq.
448 Delaware Ave
Buffalo, NY 14292
jmakowski@aol.com
april@makowskilawoffice.com
*Counsel for Defendants Mark Gray and Delray Capital, LLC*

Eric Soehnlein, Esq.
Dennis C. Vacco, Esq.
665 Main Street, Ste 300
Buffalo, NY 14203
dvacco@lippes.com
esoehnlein@lippes.com
*Counsel for Defendants Douglas MacKinnon, Northern Resolution Group, LLC, and Enhanced Acquisitions LLC*

/s/ *James M. Morrissey*
JAMES M. MORRISSEY
*Attorney for the People of the State of New York*