Exhibit C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CONSUMER FINANCIAL PROTECTION
BUREAU, *et al.*,

                Plaintiffs,

   vs.

DOUGLAS MACKINNON, *et al*.         Case No. 1:16-cv-00880

                Defendants.
_____

# PLAINTIFFS' SECOND SET OF INTERROGATORIES
# TO DEFENDANT DELRAY CAPITAL, LLC

Pursuant to F.R.C.P. 33, Plaintiffs Consumer Financial Protection Bureau and People of the State of New York (collectively, "Plaintiffs") request Defendant Delray Capital, LLC answer each of the following interrogatories within 30 days of service of this discovery request.

## INSTRUCTIONS

A. The instructions set forth in Fed. R. Civ. P. 26, 33, and Local Rule 26 are incorporated herein by reference. Responses should be supplemented as required by Fed. R. Civ. P. 26(e).

B. Unless otherwise specified, these Interrogatories request information for the period of January 1, 2009 to the present. If it is necessary to refer to a prior time to fully answer an Interrogatory, you should do so.

C. In answering these Interrogatories, furnish all information that is known or available to you, regardless of whether the information is in your or your agents' possession, custody, or control.

D. If you cannot answer all or part of any interrogatory after exercising due diligence to secure the information to do so, answer the interrogatory to the extent possible, specifying why full compliance is not possible, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempting to secure the unknown information.

E. If you assert a claim of privilege in responding to or objecting to any interrogatory, state the nature of the privilege and the basis for the claim in accordance with Local Rule 26(e).

F. If you timely object to any part of the interrogatory, specifically state the reason(s) for the objection(s) and answer all parts of such interrogatory to which you do not object.

G. Any documents produced in response to an interrogatory shall be produced in accordance with the attached Discovery Requests Document Submission Standards.

H. If anything is deleted from a document produced in response to an interrogatory, list: (a) the reason for the deletion and (b) the subject matter of the deletion.

I. Words in the masculine or feminine form shall include each of the other genders.

J. The present tense shall include the past and future tenses.

K. The singular shall include the plural, and the plural shall include the singular.

L. If any material called for by these Interrogatories contains sensitive personally identifiable information or sensitive health information of any individual, contact

Plaintiffs' counsel before producing this material to discuss ways to protect such information during productions.

## DEFINITIONS

All definitions and rules of construction set forth in the Federal Rules of Civil Procedure, including Rule 33, and Local Rule 26(d) are incorporated herein by reference. In addition to those definitions and rules, the following terms used in these Interrogatories shall have the meanings set forth as follows:

A. **"Agreement"** means any contract, accord or agreement, whether oral or written, formal or informal, and includes all attachments, exhibits, supporting documents, and documents necessary to interpret the same.

B. **"Collection Entity or Individual"** means any individual or entity that collects on Consumer Debt.

C. "**Consumer**" means any natural person obligated or allegedly obligated to pay any debt.

D. **"Consumer Debt"** means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

E. **"Original Creditor**" means a Person which offers or extends credit creating a Consumer Debt or to which a Consumer Debt was owed prior to default.

F. "**Person**" means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity.

G. "**Portfolio**" means a grouping of Consumer Debts.

H. "**Principal**" means the total amount of money owed to the Original Creditor.

I. "**You**" and "**Your**" means Delray Capital, LLC and any agents acting on its behalf including, but not limited to employees of Defendant herein, accountants, attorneys, or representatives.

## INTERROGATORIES

1. State the names and addresses of all persons who participated in any fashion with identifying and/or gathering the documents produced in response to Plaintiffs' First Request for the Production of Documents.

2. Provide the name, job role, dates of employment, email addresses (including, without limitation, any personal email addresses that were used for business purposes), and last known address and telephone number for all officers, employees, consultants, and independent contractors associated with You during the relevant time period.

3. State the names of Persons who, on Your behalf:

    a. Uploaded files to Your collection program;

    b. Gave titles to Portfolios uploaded to Your collection program;

    c. Determined the placement of Portfolios, in whole or in part, with Collection Entities or Individuals;

    d. Determined when to recall Portfolios;

    e. Determined whether any amounts greater than the Principal should be collected for each Consumer Debt;

4. For each Consumer Debt for which You collected, or attempted to collect, more than the Principal, state specifically the criteria and/or method You used to calculate any amounts

4

greater than the Principal, and the name and title of all Persons who participated in developing the criteria and/or method.

5. State the legal advice You received with respect to the addition of any amounts greater than the Principal collected, or attempted to be collected by You, and the name of the attorney who gave You that advice.

6. Do You possess any Sample Consumer Agreements apart from the documents You produced beginning at Exhibit A 002 and ending at Exhibit A 267?

7. State the name of each Original Creditor whose underlying Consumer Agreement permitted You to collect, or attempt to collect, amounts greater than the Principal.

8. State the name assigned by You to each Portfolio containing debts of Original Creditors whose underlying Consumer Agreement permitted You to collect, or attempt to collect, amounts greater than the Principal. For each Portfolio state:

    a. Whether You currently own the Portfolio;

    b. If you do not currently own the Portfolio, the Person to which You transferred the Portfolio and the date of the transfer; and

    c. If You currently own the Portfolio, the location of the Portfolio and the name and address of the person responsible for maintaining it.

9. State the name and address of each Person to which you have transferred a Portfolio, including the date of the transfer and the consideration, if any.

10. Describe in detail the terms of any Agreements, whether written or oral, You had with:

    a. Kristy Fiutko and/or Advanced Data Mining Solutions, LLC;

    b. Michelle Voit and/or Elite Payment Solutions, LLC;

    c. Gregory Emminger and/or NCW Billing, Inc;

    d.  Suzanne Mangus and/or Sky's Blue Asset Management, LLC; and

    e.  Victor Ilozue.

11. For any written agreement identified or reviewed in responding to Interrogatory Nos. 6-7, and 10, identify each such written Agreement by bates number.

Dated: November 8, 2017                              Respectfully submitted,

/s/ James M. Morrissey
JAMES M. MORRISSEY
CHRISTOPHER BOYD
350 Main Street, Suite 300A
Buffalo, NY 14202
(716) 853-8471
james.morrissey@ag.ny.gov
christopher.boyd@ag.ny.gov
*Attorneys for Plaintiff People of the State of New York*

/s/ Stefanie Isser Goldblatt
Stefanie Isser Goldblatt
Jade A. Burns
1700 G Street, NW
Washington, DC 20552
(212) 328-7009-8471
Stefanie.Goldblatt@cfpb.gov
Jade.Burns@cfpb.gov
*Attorneys for Plaintiff Consumer Financial Protection Bureau*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2017, a copy of **PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DELRAY CAPITAL, LLC** was served via UPS Standard Overnight shipping and electronic mail on the following:

Eric Soehnlein, Esq.
Dennis C. Vacco, Esq.
50 Fountain Plaza, Ste 1700
Buffalo, NY 14202
dvacco@lippes.com
esoehnlein@lippes.com
*Counsel for Defendants Douglas MacKinnon, Northern Resolution Group, LLC, and Enhanced Acquisitions LLC*

Joseph Makowski, Esq.
April Orlowski, Esq.
448 Delaware Ave
Buffalo, NY 14292
jmakowski@aol.com
april@makowskilawoffice.com
*Counsel for Mark Gray and Delray Capital, LLC*

                                       /s/ James M. Morrissey
                                       JAMES M. MORRISSEY
                                       *Attorney for Plaintiff the People of the State of New York*