UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU AND THE PEOPLE OF THE STATE OF NEW YORK, BY BARBARA UNDERWOOD, ATTORNEY GENERAL OF THE STATE OF NEW YORK,<br><br>       Plaintiffs,<br><br>v.<br><br>DOUGLAS MACKINNON, MARK GRAY, NORTHERN RESOLUTION GROUP, LLC, ENHANCED ACQUISITIONS, LLC, AND DELRAY CAPITAL, LLC,<br><br>       Defendants. | No. 1:16-CV-00880-FPG-HKS |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO COMPEL DEFENDANTS DOUGLAS MACKINNON, NORTHERN
RESOLUTION GROUP, LLC, AND ENHANCED ACQUISITIONS, LLC TO PRODUCE
DEBT-COLLECTION RECORDS MAINTAINED BY ADVANCED DATA MINING
SOLUTIONS, LLC**

      Plaintiffs the Bureau of Consumer Financial Protection and the People of the State of New York filed this action alleging that Douglas MacKinnon, Northern Resolution Group, LLC (NRG), Enhanced Acquisitions, LLC (Enhanced), (together, the MacKinnon Defendants) along with Defendants Mark Gray and Delray Capital, LLC ran a massive, illegal debt-collection scheme. The parties are currently engaged in discovery with a November 22, 2018 fact-deposition deadline and a December 22, 2018 deadline for all other discovery.

      Several months ago the MacKinnon Defendants identified responsive information contained on a server maintained by its agent, nonparty Advanced Data Mining Solutions, LLC (ADMS).  The MacKinnon Defendants have inexplicably failed to produce any documents or

data from the ADMS server despite the fact that Plaintiffs requested this information in November 2017, there is no apparent dispute that the information is discoverable, and the MacKinnon Defendants have repeatedly agreed to produce the materials.  Throughout this case, the MacKinnon Defendants have repeatedly missed discovery deadlines, provided inadequate discovery responses, and forced Plaintiffs to seek relief from the Court. Once again, Plaintiffs must turn to the Court to force the MacKinnon Defendants to comply with their discovery obligations. As a result, Plaintiffs now move the Court under Rule 37 of the Federal Rules of Civil Procedure for an order compelling the MacKinnon Defendants to produce all documents, records, and information responsive to Plaintiffs' requests and stored on the ADMS server.

## FACTUAL BACKGROUND

On April 30, 2018, the MacKinnon Defendants informed Plaintiffs that they had belatedly located information responsive to Plaintiffs' document requests served on November 8, 2017:  "With regard to Request for Production 5, Defendants have identified the location of the responsive information – an imaging of a server in custody of a non-party, Advanced Data Mining Solutions ('ADMS')."[1] Plaintiffs' Request No. 5 seeks information about consumer debt placed by the MacKinnon Defendants for collection that included amounts greater than the principal.[2] This request is indisputably relevant to the Complaint's central allegations that the Defendants "routinely added $200 to each debt they acquired, regardless of whether the underlying contracts or applicable law permitted it."[3] Before the MacKinnon Defendants

---

[1] Boyd Decl. Ex. D.
[2] Boyd Decl. Ex. A.
[3] Compl. ¶ 4.

identified the ADMS server, they had failed to identify, much less produce, any documents responsive to this request.[4]

On May 3, 2018, counsel for all parties participated in a telephone call to discuss the most efficient way to retrieve the responsive information from the ADMS server, which the MacKinnon Defendants claimed was no longer operational and needed to be reactivated.[5] Plaintiffs offered to send a technician at their own cost to reactivate the ADMS server and provide Defendants with a copy of the reactivated server in order to minimize unnecessary delay. Although the MacKinnon Defendants' counsel did not reject Plaintiffs' offer outright, they claimed that they needed to learn more about the ADMS server and to consult with their clients.

On a follow-up call the next week, the MacKinnon Defendants' counsel informed Plaintiffs that the ADMS server would be ready for production in about three weeks.[6] Despite counsel's representation, this date passed without a production.[7]

A week after the promised production date, Plaintiffs emailed the MacKinnon Defendants to inquire about the status of the ADMS server but received no response.[8] Plaintiffs continued to email and telephone the MacKinnon Defendants' counsel at least six more times about the status of the ADMS server and the MacKinnon Defendants' failure to comply with their discovery obligations.[9] The MacKinnon Defendants' counsel largely ignored these inquiries aside from sending two emails that simply conveyed that counsel would check on the status.[10] Finally, on

---

[4] Boyd Decl. ¶ 4.
[5] Boyd Decl. ¶ 8 and Ex. E at 5.
[6] Boyd Decl. ¶ 9.
[7] Boyd Decl. ¶ 9.
[8] Boyd Decl. Ex. E.
[9] Boyd Decl. Ex. E.
[10] Boyd Decl. Ex. E.

July 27, the MacKinnon Defendants promised to deliver a production on August 3, but they made no delivery.[11]

Not only have the MacKinnon Defendants failed to produce these basic debt-collection records, but they have also failed to explain their delay in locating the information maintained on the ADMS server. Although they purport that ADMS is an independent company, they admit that ADMS provided significant operational support to both NRG and Enhanced:

> Defendants enter[ed] into an oral agreement with Kristy Fiutko and/or Advanced Data Mining Solutions, LLC which encompassed provision of technical support, software services, management phone services, telecommunication services, provision of accounting, merchant services for payment processing and other consulting services. This agreement began in 2010 and ended in 2014.[12]

What is more, as early as December 2017, the MacKinnon Defendants have stated that they used software retained by ADMS for uploading and organizing NRG and Enhanced's debt portfolios.[13] Finally, Kristy Fiutko, the owner of ADMS, even "assisted in gathering documents produced in response" to at least some of Plaintiffs' document requests on behalf of the MacKinnon Defendants, raising further questions about the sufficiency of the MacKinnon Defendants' efforts to satisfy their discovery obligations.[14] It is unclear why it took the MacKinnon Defendants six months to identify the debt-collection records maintained by ADMS in light of ADMS's role with NRG and Enhanced.

## ARGUMENT

There appears to be no dispute between the parties that the ADMS server contains information discoverable under the Federal Rules of Civil Procedure. Rule 26(b)(1) provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's

---

[11] Boyd Decl. ¶ 14 and Ex. E.
[12] Boyd Decl. Ex. C.
[13] Boyd Decl. Ex. B.
[14] Boyd Decl. Ex. B.

claim or defense and proportional to the needs of the case." "Relevance 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'"[15] As explained above, the Complaint alleges that the MacKinnon Defendants routinely added fees and costs to debt balances for collection, and Request No. 5 merely seeks basic information related to these alleged inflated amounts.

There also appears to be no dispute between the parties that the MacKinnon Defendants have control over the responsive information on the ADMS server. Rule 34(a) requires that parties produce documents in their "possession, custody, or control."[16] "[C]ontrol is broadly construed, and thus a party may be obligated to produce documents requested under Rule 34 where the producing party does not actually possess the documents but has the legal right or practical ability to obtain them from another source on demand."[17] Indeed, courts typically require parties to produce documents held on a server, even when the server is owned and maintained by a third party.[18] As explained above, the MacKinnon Defendants acknowledge that

---

[15] *Albino v. Glob. Equip. USA, LTD.*, No. 6:14-cv-06519(MAT), 2017 U.S. Dist. LEXIS 114998, at *3-4 (W.D.N.Y. July 24, 2017) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).
[16] Fed. R. Civ. P. 34.
[17] *In re Hurricane Sandy Cases*, 303 F.R.D. 17, 28 (E.D.N.Y. 2014) (citations and quotation marks omitted); *see also Commonwealth of the N. Mar. I. v. Millard*, 287 F.R.D. 204, 209 (S.D.N.Y. 2012) (citations and quotation marks omitted) (explaining that Rule 34(a) "enables a party seeking discovery to require production of documents beyond the actual possession of the opposing party if such party has retained any right or ability to influence the person in whose possession the documents lie").
[18] *Nycomed US Inc. v. Glenmark Generics Ltd*., No. 08-CV-5023 (CBA)(RLM), 2010 U.S. Dist. LEXIS 82014, at *25 (E.D.N.Y. Aug. 11, 2010) ("Glenmark's exclusive and complete access to documents residing on a third-party's server is sufficient to establish Glenmark's 'control' over those documents and thus to impose on Glenmark an obligation to conduct an appropriate ESI search of those files.").

ADMS provided significant operational services to NRG and Enhanced. Moreover, the MacKinnon Defendants agreed to produce documents from the ADMS server, though ultimately failed to do so, showing that they have both the right and ability to access and produce such documents. Thus, even if ADMS is an independent third party, the MacKinnon Defendants are still required to produce all responsive documents maintained on ADMS servers.

Plaintiffs served the document request at issue nine months ago. The MacKinnon Defendants identified the information on the ADMS server at least three months ago. The material appears to relate directly to the central allegations in the Complaint. And yet the MacKinnon Defendants have not produced a single document, and so Plaintiffs respectfully request that the Court enter an order compelling the MacKinnon Defendants to produce the requested information.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an order compelling Defendants to permit Plaintiffs' technician to reactivate the ADMS server and image its contents, or in the alternative, to produce all information maintained on the ADMS server responsive to any of Plaintiffs' document requests within seven days of the Court's order.

Dated: August 21, 2018                                   Respectfully submitted,
      Buffalo, New York

/s/ Stephanie Isser Goldblatt                            /s/ Christopher L. Boyd
STEFANIE ISSER GOLDBLATT                                 CHRISTOPHER L. BOYD
JADE A. BURNS
ZACH MASON

Bureau of Consumer Financial Protection                  Assistant Attorney General
1700 G Street, NW                                        350 Main Street, Suite 300A
Washington, DC 20552                                     Buffalo, New York 14202
Telephone: (212) 328-7017                                Telephone: (716) 853-8457
Facsimile: (212) 328-7050                                Facsimile: (716) 853-8414
Email: jade.burns@cfpb.gov                               Email: Christopher.Boyd@ag.ny.gov

*Counsel for Plaintiff Bureau of Consumer*               *Counsel for Plaintiff State of New York*
*Financial Protection*