UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CONSUMER FINANCIAL
PROTECTION BUREAU, et. al.,

                     Plaintiffs,              16-CV-880G(Sr)

v.

DOUGLAS MACKINNON, et al.,

                     Defendants.
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Frank P. Geraci, Jr., pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #14.

Plaintiffs commenced this action pursuant to the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a) and 5536(a); the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p; New York Executive Law § 63(12); and New York General Business Law §§ 349 and 601, alleging that defendants engaged in an illegal consumer debt collection scheme. Dkt. #1.

Currently before the Court is plaintiffs' motion to compel nonparty Kristy Fiutko to produce documents and electronically stored information relating to the defendants in this action and submit to a deposition. Dkt. #78. Plaintiffs' counsel declares that they are seeking documents from Ms. Fiutko because the corporate defendants claim that they no longer possess many of the documents plaintiffs are

seeking. Dkt. 78-2, ¶ 9. Plaintiffs submit numerous deposition transcripts suggesting that Ms. Fiutko exercised managerial responsibility over the corporate defendants and was closely involved with their business operations, including management of business records. Dkt. #78-2, ¶¶ 10-11.

In opposition to the motion, Kristy Fiutko avers that the information requested in the subpoena is duplicative of evidence already disclosed during the course of this litigation or available from other sources; that the email requested was maintained by a contractor who did not transfer the email history to her upon termination of their relationship; she never received complaints for defendants; and she possesses no further information relevant to the defendants and has already spent a significant amount of time, none of which she has been compensated for, responding to plaintiffs' requests for information. Dkt. #82.

Plaintiffs reply that Ms. Fiutko's affidavit concedes that she possesses discoverable information and argues that she appears to be a key witness to matters at issue in this litigation. Dkt. #83, p.3. Plaintiffs further reply that Ms. Fiutko has not identified any particular burden that would justify noncompliance with the subpoena. Dkt. #83, p.6.

Discovery of nonparties is governed by Rule 45 of the Federal Rules of Civil Procedure, but subject to the general relevancy standard applicable to discovery under Rule 26(b)(1). *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010). Rule

26(b)(1) provides that

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

In addition, Rule 45(c)(3)(A)(iv) requires a court to modify a subpoena that "subjects a person to an undue burden" and permits a court to modify a subpoena that requires disclosure of a trade secret or other confidential research, development, or commercial information. "Whether a subpoena imposes an undue burden depends upon factors such as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed." *Libaire v. Kaplan,* 760 F. Supp.2d 288, 293-94 (E.D.N.Y. 2011).

Plaintiffs' have proffered ample information to suggest that Ms. Fiutko was sufficiently involved in the management of the corporate defendants' debt collection businesses so as to support the breadth of the subpoena served upon her. Dkt. #78-2, pp.41, 44, 50, 53, 56, 67, 69-70, 79; Dkt. #83-2, p.2; Dkt. #83-3. Defendants identify Ms. Fiutko and her company, Advanced Data Mining Solutions, LLC as providing technical support, software services, management of phone services, telecommunication services, provision of accounting, merchant services for payment processing, and other consultant services. Dkt. #78-2, p.89. Ms. Fiutko concedes that she has assisted defendants in gathering documents for defendants during the course

of discovery. Dkt. #78-2, p.98 & Dkt. #82, ¶¶ 20 & 23. Moreover, she appears to have responded to most of the requests for communications that are set forth in the subpoena in her affidavit opposing plaintiffs' motion to compel. Dkt. #82. Finally, Ms. Fiutko has not put forth any factual basis for her conclusory claim of undue burden or potential for disclosure of trade secrets, confidential research and commercial information to the defendants. As a result, plaintiffs' motion to compel is granted.

Ms. Fiutko shall respond to the request for production within 30 days of the entry of this Decision and Order and shall submit to deposition within 60 days of the entry of this Decision and Order.

The deadline for filing dispositive motions is extended through October 25, 2019.

**SO ORDERED.**

**DATED:** Buffalo, New York
July 15, 2018

                                      s/ H. Kenneth Schroeder, Jr.
                                      **H. KENNETH SCHROEDER, JR.**
                                      **United States Magistrate Judge**