## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF NEW YORK

CONSUMER FINANCIAL PROTECTION
BUREAU AND THE PEOPLE OF THE
STATE OF NEW YORK, BY LETITIA
JAMES, ATTORNEY GENERAL FOR THE
STATE OF NEW YORK,

Plaintiffs,

v.

DOUGLAS MACKINNON, MARK GRAY,
NORTHERN RESOLUTION GROUP, LLC,
ENHANCED ACQUISITIONS, LLC,
AND DELRAY CAPITAL, LLC,

Defendants.

No. 1:16-CV-00880-FPG-HKS

**STIPULATED FINAL
JUDGMENT AND ORDER**



The Consumer Financial Protection Bureau (Bureau) and the People of the State of New

York, by Letitia James, the Attorney General of the State of New York (NYAG) commenced this

civil action on November 2, 2016, to obtain injunctive and monetary relief and civil penalties,

from Douglas MacKinnon, Mark Gray, Northern Resolution Group, LLC (NRG), Enhanced

Acquisitions, LLC (Enhanced), and Delray Capital, LLC (Delray) (collectively, Defendants).

The Complaint alleges violations of sections 1031(a) and 1036(a)(1) of the Consumer Financial

Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531(a), 5536(a)(1); sections 807 and 808 of the

Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692e, 1692f; New York Executive

Law § 63(12), and New York General Business Law Article 22-A, § 349 and Article 29-H,

§ 602, in connection with Defendants' collection of Consumer Debt, placement of Consumer

Debts for collection, and related activities.

Plaintiffs and Settling Defendants Mark Gray and Delray agree to entry of this Stipulated Final Judgment and Order (Order), to settle and resolve all matters in dispute as alleged in the Complaint.

**THEREFORE, it is ORDERED:**

**FINDINGS**

1.      This Court has jurisdiction over the parties and the subject matter of this action.

2.      The Complaint charges that Defendants engaged in unfair and deceptive Debt-collection practices in violation of sections 1031(a) and 1036(a)(1) of the CFPA, 12 U.S.C. §§ 5531(a), 5536(a)(1); sections 807 and 808 of the FDCPA, 15 U.S.C. §§ 1692e, 1692f; and N.Y. General Business Law Article 22-A § 349 and Article 29-H § 602.

3.      Settling Defendants neither admit nor deny any allegations in the Complaint, except as specified in this Order. For purposes of this Order, Settling Defendants admit the facts necessary to establish the Court's jurisdiction over them and the subject matter of this action.

4.      Settling Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

5.      Entry of this Order is in the public interest.

## **DEFINITIONS**

6.    The following definitions apply to this Order:

a.   **"Affected Consumers"** means any Consumer from whom Defendants, or

anyone acting on behalf of Defendants (including any Collection Shop),

collected, or attempted to collect, a Debt during the Relevant Period.

b.   **"Collection Shop"** means any Person listed on Appendix 1 to this Order.

c.   **"Consumer"** means an individual or an agent, trustee, or representative acting

on behalf of an individual.

d.   **"Consumer Financial Product or Service"** is synonymous in meaning and

equal in scope to the definition of the term, as of the Effective Date, in Section

1002(5) of the CFPA, 12 U.S.C. § 5481(5), and, subject to applicable

restrictions contained in the CFPA, includes, but is not limited to:

   i.   extending credit and servicing loans, including acquiring, purchasing,

selling, brokering, or other extensions of credit (other than solely

extending commercial credit to a person who originates consumer credit

transactions);

   ii.   providing financial advisory services to consumers on individual financial

matters or relating to proprietary financial products or services, including

providing credit counseling to any consumer or providing services to assist

a consumer with debt management or debt settlement, modifying the terms

of any extension of credit, or avoiding foreclosure;

   iii.   collecting, analyzing, maintaining, or providing consumer report

information or other account information, including information relating

3

to the credit history of consumers, used or expected to be used in connection with any decision regarding the offering or provision of a Consumer Financial Product or Service; or

iv. collecting debt related to any Consumer Financial Product or Service.

e. **"Corporate Defendant"** means Delray Capital, LLC and its successors and assigns.

f. **"Debt"** means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

g. **"Debt Collector"** means (i) any Person who uses an instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of Debts or who regularly collects or attempts to collect, directly or indirectly, Debts owed or due or asserted to be owed or due another; (ii) any creditor who, in the process of collecting its own Debts, uses any name other than its own that would indicate that a third Person is collecting or attempting to collect the creditor's Debts; and (iii) any Person to the extent that such Person collects or attempts to collect any Debt that was in default at the time it was obtained by such Person.

h. **"Debt-Relief Service"** means any good, program, or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of a Debt between an individual and one or more unsecured creditors, secured creditors, or Debt Collectors, including but not limited to a reduction in the balance, interest rate, or fees owed by an individual to an unsecured creditor, secured creditor, or Debt Collector.

4

i.   **"Defendants"** means Douglas MacKinnon, Mark Gray, NRG, Enhanced, and Delray.

j.   **"Effective Date"** means the date on which this Order is entered.

k.   **"Enforcement Director"** means the Assistant Director of the Office of Enforcement for the Bureau, or his or her delegate.

l.   **"Individual Defendant"** means Mark Gray and any other names by which he might be known.

m.  **"Payment Processing"** means facilitating payments on Debts owed or due or asserted to be owed or due another, or Debts purchased from another.

n.   **"Person"** means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity.

o.   **"Related Consumer Action"** means a private action by or on behalf of one or more Consumers or an enforcement action by another governmental agency brought against a Defendant based on substantially the same facts as described in the Complaint.

p.   **"Relevant Period"** includes the period from January 1, 2009, to the Effective Date.

q.   **"Service Provider"** is synonymous in meaning and equal in scope to the definition of the term, as of the Effective Date, in section 1002(26) of the CFPA, 12 U.S.C. § 5481(26), and, subject to applicable restrictions contained in the CFPA, includes, but is not limited to any person that provides a material service to a person that is a "covered person" under the CFPA, 12 U.S.C. §

5481(6), in connection with the offering or provision by such covered person

of a Consumer Financial Product or Service, including a person that:

    i.  participates in designing, operating, or maintaining the Consumer

       Financial Product or Service; or

    ii.  processes transactions relating to the Consumer Financial Product or

       Service (other than unknowingly or incidentally transmitting or processing

       financial data in a manner that such data is undifferentiated from other

       types of date of the same form as the person transmits or processes).

  r.  **"Settling Defendants"** means the Individual Defendant and the Corporate

     Defendant, individually, collectively, or in any combination.

## ORDER

### CONDUCT RELIEF

### I

### Permanent Ban on Debt Collection

**IT IS ORDERED that:**

  7.    Each Settling Defendant, whether acting directly or indirectly, is permanently

restrained and enjoined from:

    a.  acting as a Debt Collector;

    b.  receiving any remuneration or other consideration from, or holding any

       ownership interest in, any Person acting as a Debt Collector or a Service

       Provider to a Debt Collector;

    c.   providing services or assistance to, or working in any capacity for, a Debt

         Collector, including but not limited to acting as a Service Provider, employee,

         or independent contractor to a Debt Collector;

    d.   advertising, marketing, promoting, offering for sale, selling, or buying any

         Debt or any information related to a Debt; and

    e.   engaging in Payment Processing.

Nothing in this Order shall be read as an exception to this Paragraph.

## II

### Prohibition on Misrepresentations Concerning
### Consumer Financial Products or Services

**IT IS FURTHER ORDERED that:**

    8.     Each Settling Defendant, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly, in connection with any Consumer Financial Product or Service, is permanently restrained and enjoined from:

    a.   misrepresenting, omitting, or assisting others in misrepresenting or omitting,

         expressly or by implication, any material fact, including but not limited to:

         i.    the terms or rates that are available for any loan or other extension of

              credit;

         ii.   a Consumer's ability to improve or otherwise affect the Consumer's

              credit record, credit history, credit rating, or ability to obtain credit;

         iii.  that a Consumer can improve the Consumer's credit record, credit

              history, or credit rating by permanently removing negative information

            from the Consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

    iv.    any aspect of a Debt-Relief Service, including but not limited to how much a Consumer will save from purchasing, using, or enrolling in such Debt-Relief Service; how long it will take to settle any Debts; or the reduction or cessation of collection attempts;

    v.    that a Consumer will receive legal representation;

    vi.    the likelihood of any particular outcome or result from a Consumer Financial Product or Service;

    vii.    the nature or terms of any refund, cancellation, exchange, or repurchase policy, including but not limited to the likelihood of a Consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be provided to the Consumer; and

b.  advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

### III

### Customer Information

**IT IS FURTHER ORDERED that:**

9.    Settling Defendants, and their officers, agents, servants, employees, and attorneys and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from:

8

    a.   disclosing, using, or benefiting from Consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a Consumer's account (including a credit card, bank account, or other financial account), that a Defendant obtained before the Effective Date in connection with the purchase, sale, collection, or placement for collection of Debt; and

    b.   failing to destroy such Consumer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Bureau or the NYAG.

*Provided however,* that Consumer information need not be disposed of, and may be disclosed, if requested by a government agency or required by law, regulation, or court order.

## MONETARY PROVISIONS

### IV

### Order to Pay Redress

**IT IS FURTHER ORDERED that:**

10.    A judgment for monetary relief is entered in favor of Plaintiffs and against Settling Defendants, jointly and severally, in the amount of FOUR MILLION DOLLARS ($4,000,000) for the purpose of providing redress to Affected Consumers; however, full payment of this judgment will be suspended upon satisfaction of the obligations in Paragraph 11 of this Section and Paragraph 18 of Section V and subject to Section VII of this Order.

11.    Within 30 days of the Effective Date, Settling Defendants must pay to Plaintiffs by wire transfer to Plaintiffs or to Plaintiffs' agent, and according to Plaintiffs' wiring

instructions, TEN THOUSAND DOLLARS ($10,000), in partial satisfaction of the judgment referenced in Paragraph 10 of this Section.

12.     With regard to any redress that Settling Defendants pay under this Section, if Settling Defendants receive, directly or indirectly, any reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, or if Settling Defendants secure a tax deduction or tax credit with regard to any federal, state, or local tax, Settling Defendants must: (a) immediately notify the Enforcement Director and the NYAG in writing, and (b) within 10 days of receiving the funds or monetary benefit, Settling Defendants must transfer to the Plaintiffs the full amount of such funds or monetary benefit (Additional Payment) to the Plaintiffs or to the Plaintiffs' agent according to the Plaintiffs' wiring instructions. After the Plaintiffs receive the Additional Payment, the amount of the suspended judgment referenced in Paragraph 10 will be reduced by the amount of the Additional Payment and the Additional Payment will be applied toward satisfaction of the monetary judgment entered in Paragraph 10.

13.     Any funds received by Plaintiffs in satisfaction of this judgment will be deposited into a fund or funds administered by the Bureau or NYAG or either's agent according to applicable statutes and regulations to be used for redress for Affected Consumers, including but not limited to refund of moneys, restitution, damages, or other monetary relief, and for any attendant expenses for the administration of any such redress.

14.     If the Bureau determines, in its sole discretion, that redress to Consumers is wholly or partially impracticable or if funds deposited into a fund or funds administered by the Bureau or its agent remain after redress is completed, the Bureau shall deposit the remaining

funds in its possession in the U.S. Treasury as disgorgement. Settling Defendants will have no right to challenge any actions that the Bureau or its representatives may take under this section.

15.     If the NYAG determines, in its sole discretion, that redress to Consumers is wholly or partially impracticable or if funds deposited into a fund or funds administered by the NYAG or its agent remain after redress is completed, the NYAG shall deposit the remaining funds in its possession with the New York State Comptroller as disgorgement. Settling Defendants will have no right to challenge any actions that the NYAG or its representatives may take under this section.

16.     Payment of redress to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

V

**Order to Pay Civil Money Penalty to the Consumer Financial Protection Bureau**
**IT IS FURTHER ORDERED that:**

17.     Under Section 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the violations of law alleged in the Complaint and continuing until the Effective Date, and taking into account the factors in 12 U.S.C. § 5565(c)(3), a judgment for a civil money penalty is entered in favor of the Bureau and against Settling Defendants, jointly and severally, in the amount of ONE MILLION DOLLARS ($1,000,000); however, full payment of this judgment will be suspended upon satisfaction of the obligations in Paragraph 11 of Section IV and Paragraph 18 of this Section and subject to Section VII of this Order.

18.     Within 30 days of the Effective Date, Settling Defendants must pay to the Bureau by wire transfer to the Bureau or to the Bureau's agent, and according to the Bureau's wiring

instructions, ONE DOLLAR ($1), in partial satisfaction of the judgment referenced in Paragraph 17 of this Section.

19.     The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by Section 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

20.     Settling Defendants must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Settling Defendants may not:

>       a.   claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

>       b.   seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

21.     Individual Defendant agrees that the civil penalty to the Bureau imposed by the Order represents a civil penalty owed to the United States Government, is not compensation for actual pecuniary loss, and, thus, as to Individual Defendant, is not subject to discharge under the Bankruptcy Code under 11 U.S.C. § 523(a)(7).

## VI

### Order to Pay Civil Money Penalty to the State of New York

**IT IS FURTHER ORDERED that:**

22.     Under N.Y. General Business Law § 350-d, a judgment for a civil money penalty is entered in favor of the NYAG and against Settling Defendants, jointly and severally, in the amount of ONE MILLION DOLLARS ($1,000,000); however, full payment of this judgment for

a civil money penalty will be suspended upon satisfaction of the obligations in Paragraph 11 of Section IV and subject to Section VII of this Order.

23.    The civil money penalty paid to the NYAG under this Order will be deposited with the New York State Comptroller in accordance with New York state laws and regulations.

24.    Settling Defendants must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the NYAG ultimately uses those funds, Settling Defendants may not:

   a.   claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

   b.   seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

25.    Individual Defendant agrees that the civil penalty to the NYAG imposed by the Order represents a civil penalty owed to the State of New York, is not compensation for actual pecuniary loss, and, thus, as to Individual Defendant, is not subject to discharge under the Bankruptcy Code under 11 U.S.C. § 523(a)(7).

## VII

### Effect of Misrepresentation or Omission Regarding Financial Condition

**IT IS FURTHER ORDERED that:**

26.    The suspension of the judgments for redress and civil money penalties entered in Sections IV, V, and VI of this Order are expressly premised on the truthfulness, accuracy, and completeness of Settling Defendants' financial statements and supporting documents submitted to Plaintiffs on or about June 20, 2019, July 16, 2019, and July 17, 2019, which Settling

Defendants assert are truthful, accurate, and complete, and which include Financial Statement of Individual Defendant Mark Gray, including the attachments, signed on June 20, 2019 and submitted to Plaintiffs on or about June 20, 2019, and Financial Statement of Corporate Defendant Delray, including the attachments, signed on June 20, 2019 and submitted to Plaintiffs on or about June 20, 2019, and letter from Joseph Makowski to Christopher Boyd signed on July 16, 2019 and submitted to Plaintiffs on or about July 16, 2019, and Affidavit of Mark Gray signed on July 17, 2019 and submitted to Plaintiffs on or about July 17, 2019.

27.     If upon motion by the Bureau or the NYAG, the Court determines that Settling Defendants have failed to disclose any material asset or that any of their financial statements contain material misrepresentations or omissions, the Court shall terminate the suspension of the judgments for redress and civil money penalties entered in Sections IV, V, and VI and without further adjudication, shall reinstate the judgments entered in Sections IV, V, and VI of this Order and the full judgment for redress of FOUR MILLION DOLLARS ($4,000,000), and the full judgments for civil penalties of TWO MILLION DOLLARS ($2,000,000), shall be immediately due and payable, less any amounts previously paid to Plaintiffs under Sections IV, V, and VI of this Order.

28.     If the Court terminates the suspension of the judgments for redress and civil money penalties under this Section, Plaintiffs will be entitled to interest on the judgments, computed from the date of entry of this Order, at the rate prescribed by 28 U.S.C. § 1961, as amended, on any outstanding amounts not paid.

29.     Provided, however, that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and, provided further, that proceedings instituted under Section VII would be in addition to, and not in lieu of, any other civil or criminal

14

remedies as may be provided by law, including any other proceedings that Plaintiffs may initiate to enforce this Order.

## VIII

### Additional Monetary Provisions

**IT IS FURTHER ORDERED that:**

30.    In the event of any default on Settling Defendants' obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment and will immediately become due and payable.

31.    Settling Defendants relinquish all dominion, control, and title to the funds, and all other assets transferred or paid to Plaintiffs in satisfaction of the monetary judgments contained in this Order to the fullest extent permitted by law and no part of the funds, or other assets, may be returned to Settling Defendants.

32.    The facts alleged in the Complaint will be taken as true and be given collateral estoppel effect, without further proof, in any proceeding based on or arising out of, this Order, or in any subsequent civil litigation by or on behalf of Plaintiffs in a proceeding to enforce their rights under this Order, including the injunctive provisions of this Order, and any payment or monetary judgment under this Order, such as a nondischargeability complaint in any bankruptcy case.

33.    The facts alleged in the Complaint establish all elements necessary to sustain an action by Plaintiffs under to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and for such purposes this Order will have collateral estoppel effect against each Settling Defendant, even in such Settling Defendant's capacity as debtor-in-possession.

34.     Settling Defendants agree to waive any statute of limitations or other time-related defenses in any action brought by Plaintiffs to enforce compliance with the requirements of this Order.

35.     Under 31 U.S.C. § 7701, Settling Defendants, unless they already have done so, must furnish to Plaintiffs their respective taxpayer identifying numbers within 10 days of the Effective Date, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

36.     Within 30 days of the entry of a final judgment, order, or settlement in a Related Consumer Action, Settling Defendants must notify the Enforcement Director and the NYAG of the final judgment, order, or settlement in writing. That notification must indicate the amount of redress, if any, that a Settling Defendant paid or is required to pay to Consumers and describe the Consumers or classes of Consumers to whom that redress has been or will be paid. To preserve the deterrent effect of the civil money penalty, in any Related Consumer Action, Settling Defendants may not argue that any Settling Defendants are entitled to, nor may any Settling Defendants benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalties paid in this action. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against a Settling Defendant based on the civil money penalties paid in this action or based on any payment that the Bureau makes from the Civil Penalty Fund, the Settling Defendant must, within 30 days after entry of a final order granting such offset or reduction, notify the Bureau and pay the amount of the offset or reduction to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalties imposed in this action.

37.     Under Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C.§ 168lb(a)(1),

any Consumer reporting agency may furnish a Consumer report concerning any Settling

Defendant to Plaintiffs, which may be used for purposes of collecting and reporting on any

delinquent amount arising out of this Order.

## COMPLIANCE PROVISIONS

### IX

### Reporting Requirements

**IT IS FURTHER ORDERED that:**

38.     Settling Defendants must notify the Bureau and the NYAG of any development

that may affect compliance obligations arising under this Order, including but not limited to a

dissolution, assignment, sale, merger, or other action that would result in the emergence of a

successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in

any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding

by or against a Settling Defendant; or a change in a Settling Defendant's name or address.

Settling Defendants must provide this notice at least 30 days before the development or as soon

as practicable after learning about the development, whichever is sooner.

39.     Within 7 days of the Effective Date, each Settling Defendant must submit to

Plaintiffs an accurate report sworn to under the penalty of perjury:

        a.  designating at least one telephone number and email, physical, and postal

            address as points of contact, which Plaintiffs may use to communicate with

            Settling Defendant;

      b.   identifying all businesses for which Settling Defendant is the majority owner, or that Settling Defendant directly or indirectly controls, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

      c.   describing the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales.

      d.   identifying Individual Defendant's telephone numbers and all email, Internet, physical, and postal addresses, including all residences; and

      e.   describing in detail Individual Defendant's involvement in any business for which he performs services in any capacity or which he wholly or partially owns, including Individual Defendant's title, role, responsibilities, participation, authority, control, and ownership.

40.    Settling Defendants must report any change in the information required to be submitted under Paragraph 35 at least 30 days before the change or as soon as practicable after learning about the change, whichever is sooner.

41.    Within 90 days of the Effective Date, and again one year after the Effective Date, each Settling Defendant must submit to the Enforcement Director and the NYAG an accurate written compliance progress report sworn to under penalty of perjury (Compliance Report), which, at a minimum:

      a.   lists each applicable paragraph and subparagraph of the Order and describes in detail the manner and form in which Settling Defendant has complied with each such paragraph and subparagraph of this Order;

      b.   attaches a copy of each Order Acknowledgment obtained under Section IX, unless previously submitted to Plaintiffs.

## X

### Order Distribution and Acknowledgment

**IT IS FURTHER ORDERED that:**

42.     Within 7 days of the Effective Date, each Settling Defendant must submit to the Enforcement Director and the NYAG an acknowledgment of receipt of this Order, sworn under penalty of perjury.

43.     Within 30 days of the Effective Date, Settling Defendants, and any business for which a Settling Defendant is the majority owner or which a Settling Defendant directly or indirectly controls, must deliver a copy of this Order to each of its board members and executive officers, as well as to any managers, employees, Service Providers, or other agents and representatives who have responsibilities related to the subject matter of the Order.

44.     For 5 years from the Effective Date, Settling Defendants, and any business for which a Settling Defendant is the majority owner or which a Defendant directly or indirectly controls, must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section IX, any future board members and executive officers, as well as to any managers, employees, Service Providers, or other agents and representatives who will have responsibilities related to the subject matter of the Order before they assume their responsibilities.

45.     Settling Defendants must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 et seq., within 30 days of delivery, from all Persons receiving a copy of this Order under this Section.

# XI

## Recordkeeping

**IT IS FURTHER ORDERED that:**

46.     Each Settling Defendant must create, for at least 10 years from the Effective Date, for any business of which it is the majority owner or that it directly or indirectly controls, all documents, records, and data necessary to demonstrate full compliance with each provision of this Order. Each Settling Defendant must retain these documents for at least 10 years after creation and make them available to Plaintiffs upon request.

47.     Each Settling Defendant must maintain for any business for which a Defendant is a majority owner or controls directly or indirectly, for at least 10 years from the Effective Date or 5 years after creation, whichever is longer:

       a.  accounting records showing the gross and net revenues from all goods or services sold;

       b.  records showing the amounts collected for each individual Affected Consumer;

       c.  personnel records showing, for each Person providing services, whether as an employee or otherwise, that Person's name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

       d.  records of all Consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response; and

       e.  a copy of each unique advertisement or other marketing material.

Settling Defendants must make these materials available to Plaintiffs upon a request by the Bureau or the NYAG. The recordkeeping requirements of this paragraph do not apply to any materials Settling Defendants are directed to destroy pursuant to paragraph 9(b) of this Order.

## XII

### Notices

**IT IS FURTHER ORDERED that:**

48.      Unless otherwise directed in writing by Plaintiffs, Settling Defendants must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*CFPB, et al. v. MacKinnon, et al.*, Case No. 16-cv-00880," and send them by overnight courier or first-class mail to the below addresses and contemporaneously by email to:

      **a.  Bureau**

            Assistant Director for Enforcement
            Bureau of Consumer Financial Protection
            ATTENTION: Office of Enforcement
            1700 G Street, N.W.
            Washington D.C. 20552
            Enforcement_Compliance@cfpb.gov

      **b.  NYAG**

            New York State Office of the Attorney General
            ATTENTION: Bureau of Consumer Frauds
            350 Main Street, Suite 300A
            Buffalo, New York 14222
            Christopher.Boyd@ag.ny.gov

## XIII

### Cooperation

**IT IS FURTHER ORDERED that:**

49.     Settling Defendants must cooperate fully to provide sufficient information to enable the Bureau and the NYAG to efficiently administer Consumer redress, including the determination of the identity and location of, the amount paid to Defendants by, and the amount of any other injury sustained by, each Affected Consumer. Settling Defendants must provide such information in its or its agents' possession, custody, or control within 14 days of receiving a written request from the Bureau or the NYAG.

50.     Settling Defendants must cooperate fully with Plaintiffs in this matter and in any investigation related to or associated with the conduct described in the Complaint, or arising therefrom. Settling Defendants must provide truthful and complete information, evidence, and testimony. Individual Defendant must appear and Corporate Defendant must cause such Defendant's officers, employees, representatives, or agents to appear for interviews, discovery, depositions, hearings, trials, and any other proceedings that the Bureau or the NYAG may reasonably request upon 10 days written notice, or other reasonable notice, at such places and times as the Bureau or the NYAG may designate, without the service of compulsory process.

## XIV

### Compliance Monitoring

**IT IS FURTHER ORDERED** that, to monitor Settling Defendants' compliance with this Order, including:

51.     Within 14 days of receipt of a written request from the Bureau or the NYAG, Settling Defendants must submit additional compliance reports or other requested non-privileged

22

information, related to requirements of this Order, which must be sworn under penalty of

perjury; provide sworn testimony related to requirements of this Order and Settling Defendants'

compliance with those requirements; or produce non-privileged documents related to

requirements of this Order and Settling Defendants' compliance with those requirements.

52.     For matters concerning, or arising from, this Order, the Bureau or the NYAG may

communicate directly with Settling Defendants, their employees, and agents, unless Settling

Defendants retain counsel related to these communications.

53.     Settling Defendants must permit Bureau or NYAG representatives to interview

about the requirements of this Order and Settling Defendants' compliance with those

requirements any employee or other Person affiliated with Defendants who has agreed to such an

interview. The Person interviewed may have counsel present.

54.     The Bureau and NYAG may use all other lawful means of gathering information,

including posing, through its representatives, as Consumers, suppliers, or other individuals or

entities, to Settling Defendants or any individual or entity affiliated with Defendants, without the

necessity of identification or prior notice.

55.     Nothing in this Order will limit the Bureau's lawful use of compulsory process,

under 12 C.F.R. § 1080.6 or the NYAG's use of its subpoena power.

## XV

### Miscellaneous

**IT IS FURTHER ORDERED that:**

56.     If any clause, provision, or section of this Order shall, for any reason, be held to

be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability

shall not affect any other clause, provision, or section of this Order and this Order shall be

23

construed and enforced as if such invalid, illegal, or unenforceable clause, provision, or section had not been contained herein.

57.     Nothing contained herein shall be construed as to deprive any Person, not a party to this case, of any private right under the law.

58.     Plaintiffs may serve Settling Defendants, directly or through their attorneys, via electronic mail any written notices required or permitted to be served pursuant to this Order.

## XVI

### Entry of Judgment

**IT IS FURTHER ORDERED that:**

59.     There is no just reason for delay of entry of this judgment, and under Federal Rule of Civil Procedure 54(b), the Clerk immediately shall enter this Order as a final judgment as to Settling Defendants Mark Gray and Delray Capital, LLC.

## XVII

### Retention of Jurisdiction

**IT IS FURTHER ORDERED that:**

60.     The Court will retain jurisdiction of this matter for the purpose of enforcing this

Order and corresponding final judgments.

**IT IS SO ORDERED.**


DATED: August 22, 2019


HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court