**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

───────────────────────────────

**CONSUMER FINANCIAL**
**PROTECTION BUREAU, et. al.,**

                         **Plaintiffs,**                    **16-CV-880G(Sr)**

**v.**

**DOUGLAS MACKINNON,  et al.,**

                         **Defendants.**

───────────────────────────────

## DECISION AND ORDER

          This case was referred to the undersigned by the Hon. Frank P. Geraci,

Jr.,  pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #14.


          Plaintiffs commenced this action pursuant to the Consumer Financial

Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a) and 5536(a); the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p; New York Executive

Law § 63(12); and New York General Business Law §§ 349 and 601, alleging that

defendants engaged in an illegal consumer debt collection scheme.  Dkt. #1.


          On August 23, 2019, Judge Geraci signed a Stipulated Final Judgment

and Order which permanently banned defendants from, *inter alia,* acting as a debt

collector, and awarded plaintiffs judgment, including judgment against Douglas

MacKinnon, in the amount of $60 million. Dkt. #87.

Having received no payment on the judgment, on May 12, 2020, plaintiffs served defendant MacKinnon with post-judgment discovery and served judgment creditors' information subpoenas upon several of his family members and business associates, *to wit*, Amy McKinnon, Mary Kate MacKinnon, Connor MacKinnon, Ryan MacKinnon, Matthew MacKinnon, Mark Bohn. CMAC Properties LLC, RMFSG LLC, Ace Rangers II, Bennett Heights Capital LLC, Bourne Street Holdings LLC, and Original Crunch Roll Factory, LLC. Dkt. #89-2, ¶¶ 3 & 5-6.

Rule 69(a)(2) of the Federal Rules of Civil Procedure provides that a judgment creditor may obtain discovery from any person, including the judgment debtor, as provided by the Federal Rules of Civil Procedure or the procedure of the state where the court is located in aid of the judgment or execution. Broad post-judgment discovery in aid of execution is the norm and it is not uncommon to seek asset discovery from third parties that may possess knowledge of the judgment debtor's assets, including transfer of such assets. *EM Ltd v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012); *See Phoenix Bulk Carriers (BVI), Ltd. v. Triorient*, LLC, 20-CV-936, 2021 WL 621226, at *2 (W.D.N.Y. Feb. 17, 2021) ("Precisely because discovery to enforce a judgment is employed to discover assets of a recalcitrant judgment debtor, judgment creditors must be given the freedom to make broad inquiry to discover hidden or concealed assets of the judgment debtor.").

By email dated June 22, 2020, at the request of Joseph G. Makowski, Esq., plaintiffs provided "a 45 day extension of time to respond to the MacKinnon Subpoenas."  Dkt. #89-2, ¶¶ 8-9 & Dkt. #89-5, p.3.

By email dated August 6, 2020, counsel for plaintiffs reminded Mr. Makowski "that the 45 day extension we provided to respond to the subpoenas expires today." Dkt. #98-2. Instead of replying to that email, Mr. Makowski replied to the June 22nd email, asking "[d]oes the 45 days begin today?"  Dkt. #89-5, p.3. Plaintiffs' counsel responded that the extension began on June 22, 2020 and expired August 6th, but extended "an additional seven day extension, with your responses due on August 13, 2020" and the caveat that no further extensions would be offered. Dkt. #89-5, pp.2-3.

On August 24, 2020, plaintiffs' counsel inquired of Mr. Makowski when responses would be provided. Dkt. #89-5, p.2.

By email dated September 14, 2020, plaintiffs' counsel confirmed a conversation with Mr. Makowski in which he indicated that certain recipients of the information subpoenas may be the subject of a federal criminal inquiry, implicating potential Fifth Amendment issues. Dkt. #89-6, p.5. Plaintiffs' counsel asked Mr. Makowski to clarify which of his clients were subject to such concerns and to provide responses to the remaining subpoenas as soon as possible. Dkt. #89-6, p.5.

On September 24, 2020, Mr. Makowski advised plaintiffs' counsel that he represented defendant Douglas MacKinnon and subpoenaed parties Amy McKinnon, Mary Kate MacKinon, Connor MacKinnon, Ryan MacKinnon, Matthew MacKinnon, CMAC Properties LLC and RMFSG, LLC ("Makowski clients"). Dkt. #89-6. Mr. Makowski identified Doug MacKinnon, his wife, Amy MacKinnon, and his son, Connor MacKinnon, as potential targets of a criminal investigation with Fifth Amendment and

spousal privilege issues that needed to be addressed, but agreed to provide responses with respect to everyone else by October 5, 2020. Dkt. #89-6, p.4.

By email dated October 13, 2020, plaintiffs' counsel advised Mr. Makowski that the responses were now long overdue and warned that they would proceed with motion practice to compel compliance if responses were not forthcoming. Dkt. #89-6, p.3. Mr. Makowski responded that he was working on responses to the information subpoenas and would call plaintiffs' counsel later that day. Dkt. #89-6, p.3. By email dated October 14, 2020, plaintiffs' counsel advised that, having not heard from Mr. Makowski, they would proceed to enforce the subpoenas and would seek appropriate costs and penalties. Dkt. #89-6, p.2.

On October 30, 2020, plaintiffs advised that they would move to compel if responses to their discovery demands and subpoenas were not received by November 2, 2020. Dkt. #89-2, ¶ 13.

Plaintiffs moved to compel post-judgment discovery on November 3, 2020. Dkt. #89.

By text Order entered November 5, 2020, the Court directed a response to the motion to compel by November 18, 2020. Dkt. #90.

By letter filed with the Court on November 13, 2020, in reliance upon representations by their counsel that responses to the information subpoenas would be

received by the end of the year, plaintiffs agreed to extend the deadline for responses to the motion to compel with respect to Mark Bohn, CMAC Properties LLC, RMFSG LLC, Ace Rangers II, Bennett Heights Capital LLC, Bourned Street Holdings LLC, and Original Crunch Roll Factory, LLC ("Steinbrenner clients"). Plaintiffs specifically requested that the motion to compel proceed as scheduled with respect to the Makowski clients. Dkt. #91.

By letter dated November 16, 2020, Mr. Makowski advised the Court that he intended to respond to the discovery demands and information subpoenas served upon his clients and requested the same extension of time to respond to plaintiffs' motion to compel that was afforded to the Steinbrenner clients be afforded to his clients as well. Dkt. #92.

On November 18, 2020, the Makowski clients filed a motion for a 45-day extension of time to respond to plaintiffs' motion to compel compliance with post-judgment discovery and information subpoenas. Dkt. #93. In support of that motion, counsel declared that one of his clients was a person of interest in an ongoing criminal investigation by the United States Attorney for the Western District of New York and another client had been served with a subpoena for records as part of the same criminal investigation. Dkt. #93-1, ¶¶ 4-5. As a result, counsel declared that he was evaluating whether any of his clients should assert their Fifth Amendment privilege in response to the discovery demands and information subpoenas. Dkt. #93-1, ¶¶ 5-6. Mr. Makowski specifically requested a 45-day extension to complete his investigation and to either: (1) invoke the Fifth Amendment privilege against self-incrimination against

certain clients; (2) serve a motion to quash or stay the enforcement of certain

subpoenas; or (3) comply with the subpoenas. Dkt. #93-1, ¶ 8.

By Text Order entered November 20, 2020, the Court granted the motion

for an extension of time to respond to plaintiffs' motion to compel post-judgment

discovery and extended the deadline to respond to to January 1, 2021. Dkt. #94.

On January 7, 2021, plaintiffs' counsel declared that the Makowski clients

had not responded to the motion to compel nor had they responded to the post-

judgment discovery requests which are the subject of that motion to compel. Dkt. #95,

¶ 4. in light of their failure to oppose the motion, plaintiffs requested that the motion to

compel be granted with respect to the Makowski clients. Dkt. #95, ¶ 4.

By Text Order dated January 11, 2021, the Court granted plaintiffs' motion

to compel and directed that Douglas MacKinnon comply with the requests for

production and interrogatories and that Amy McKinnon, Mary Kate MacKinon, Connor

MacKinnon, Ryan MacKinnon, Matthew MacKinnon, CMAC Properties LLC and

RMFSG LLC comply with the information subpoenas no later than January 18, 2021.

Dkt. #96. The Court further advised that failure to comply with its Order would risk

contempt sanctions. Dkt. #96.

On January 19, 2021, the Makowski clients filed a motion for extension of

time and to quash and/or for a protective order. Dkt. #97. In support of the motion, Mr.

Makowski declares that he did not understand the Court's November 20, 2020 text order as a directive to respond to plaintiff's motion to compel by January 1, 2021. Dkt. #97-1, ¶ 6. Instead, Mr. Makowski declares that he understood the Court to be affording plaintiffs' counsel six weeks to respond to his motion for an extension of time. Dkt. #97-1, ¶ 6. Mr. Makowski believes that this demonstrates both good cause and excusable neglect for his delay. Dkt. #97-1, ¶ 11. Mr. Makowski declares that Douglas MacKinnon and Connor MacKinnon, individually and on behalf of CMAC Properties LLC and RMFSG LLC have asserted their Fifth Amendment right against self-incrimination "such as to have the post-judgment discovery and information subpoenas quashed. Dkt. #97-1, ¶ 12. Amy MacKinnon seeks to quash the information subpoena on the basis of marital privilege. Dkt. #97-1, ¶ 13. Alternatively, Amy MacKinnon, as well as Mary-Kate MacKinnon, Ryan MacKinnon and Matthew MacKinnon seek a protective order limiting the subpoenas to transactions after August 23, 2019, the date of the entry of the Stipulated Final Judgment and Order, and which involve Douglas MacKinnon . Dkt. #97-1, ¶ 14.

On February 2, 2021, plaintiffs filed a motion for civil contempt and sanctions, including coercive incarceration against Douglas MacKinnon. Dkt. #98. Plaintiffs argue that Mr. Makowski's declaration that he understood the Court's Order to set a briefing schedule on his request for an extension of time that afforded plaintiffs 15 days beyond defendants' requested extension of time to respond to the request for an extension of time is preposterous and nonsensical. Dkt. #98-3, p.4. Plaintiffs further argue that the time to move for a protective order or to quash the information subpoenas has expired. Dkt. #98-3, pp.7-8. Furthermore, plaintiffs argue that none of

the Makowski clients have invoked the Fifth Amendment and that this privilege is unavailable to the corporate entities. Dkt. #98-3, pp.8-11. In addition, plaintiffs argue that the protection of the Fifth Amendment cannot be invoked generally, but must be invoked against individual demands. Dkt. #98-3, p.10. Moreover, plaitniffs argue that Douglas MacKinnon waived his Fifth Amendment privilege when he stipulated to entry of judgment in this action and agreed to provide truthful and complete information, evidence and testimony to enable plaintiffs to efficiently administer consumer redress. Dkt. #98-3, pp.11-12. Plaintiffs also argue that spousal privilege does not apply to their demands of Amy MacKinnon. Dkt. #98-3, pp.12-13. In any event, plaintiffs argue that the Makowski clients waived any objections or privileges when their attorney represented to the Court that they intended to comply with the post-judgment discovery demands. Dkt. #98-3, p.14. Plaintiffs justify the temporal scope of their demands as corresponding to the commencement of their investigation of Douglas MacKinnon which is when he began to conceal assets. Dkt. #98-3, pp.14-15. Plaintiffs seek sanctions of $1,000 per day from Amy McKinnon, Mary Kate MacKinon, Connor MacKinnon, Ryan MacKinnon, Matthew MacKinnon, CMAC Properties LLC and RMFSG, LLC for each day that they continue to violate the Court's Order compelling compliance with the information subpoenas and incarceration for Douglas MacKinnon given the fact that he has refused to pay a $60 million judgment. Dkt. #98-3, pp.15-19.

A court may hold a party in civil contempt for failure to comply with a court order if: (1) the order the party failed to comply with is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the party has not diligently attempted to comply in a reasonable manner. *Paramedics Electomedicina Comm., Ltda*

*v. GE Med. Sys. Info. Techs., Inc*., 369 F3d 645, 655 (2d Cir. 2004). The Court is not required to find that the violation of the order was willful. *Id.* Here, there is no doubt that Douglas MacKinnon failed to comply with the clear and unambiguous Order of the Court to produce documents and answer interrogatories and that Amy McKinnon, Mary Kate MacKinon, Connor MacKinnon, Ryan MacKinnon, Matthew MacKinnon, CMAC Properties LLC and RMFSG LLC failed to answer the information subpoenas no later than January 18, 2021. The filing of the motion seeking an extension of time was filed on January 19, 2021 - after the deadline for compliance. Mr. Makowski's declared confusion over the November 20, 2021 Order granting him the exact relief requested is absurd. It is also part of a contemptible pattern of dilatory tactics that will no longer be countenanced.

"A district court has discretion to impose contempt sanctions for violations of post-judgment discovery orders." *Haua v. Prodigy Network, LLC*, 20-CV-2318, 2021 WL 3931877, at * (S.D.N.Y. Sept. 2, 2021) (internal quotation omitted). "The imposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged." *Paramedics Electomedicina Comm.,* 369 F.3d at 677. "To the extent that a contempt sanction is coercive, the court has broad discretion to design a remedy that will bring about compliance." *Paramedics Electomedicina Comm.,* 369 F.3d at 677 (internal quotation omitted). In making such a determination, the court should consider: (1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of the sanction in bringing about compliance; and (3) the contemnor's

financial resources and the consequent seriousness of the sanction's burden. *Cordius Trust v. Kummerfeld Assocs., Inc*., 658 F. Supp.2d 512, 525 (S.D.N.Y. 2009).

Compliance with court orders is fundamental to the integrity of the judicial process, particularly where, as here, recalcitrance is obfuscating assets that could pay restitution to consumers who were victimized by defendants' debt collection practices. Continued delay in identifying available assets risks their loss and undermines public confidence in the ability of our legal system to hold individuals accountable to their agreements. In light of the amount of the outstanding judgment in this action, the Court agrees with plaintiffs that monetary sanctions are likely to prove ineffectual for coercing compliance by Douglas MacKinnon and forewarns him that so long as the purpose is to compel performance, arrest is an appropriate coercive sanction for civil contempt. *Id*. As to the others, the Court will recommend, in accordance with 28 U.S.C. § 636(e)(6)(B)(iii), imposition of a monetary sanction of $500 per day, payable to the Court, for every day that any individual or entity fails to comply with this Order. *See New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1353-54 (2d Cir. 1989) (Coercive sanctions should be paid to the court), *cert. denied*, 495 U.S. 947 (1990); *See also Livecchi v. Gordon*, 513 B.R. 209, 214-215 (W.D.N.Y. 2014) (noting penalties as high as $500 per day as sanction for civil contempt).

The Fifth Amendment of the United States Constitution protects a person from being "compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. "It can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the

witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. U.S.*, 406 U.S. 441, 444 (1972). Although the Fifth Amendment privilege is not self-executing and may be waived if not invoked, waiver of such a fundamental right is not to be lightly inferred. *In re DG Acquisition Corp. v. Dabah*, 151 F.3d 75, 79-80 (2d Cir. 1998). Thus, although Mr. Makowski's declaration is insufficient to assert the privilege and any claim to its protection should have been asserted within the time frame for responding to the requests for production, interrogatories and information subpoenas, the Court will exercise its discretion not to find waiver. *Id.* at 81. The Court also declines to interpret the Cooperation section of the Stipulated Final Order and Judgment (Dkt. #87, p.19), as waiving Douglas MacKinnon's Fifth Amendment privilege.

While the individual defendants will not be deemed to have waived their Fifth Amendment privilege against self-incrimination, they may not simply make a blanket assertion of that privilege, but must assert the privilege under oath and in response to specific questions. *Hassoun v. Searls,* 467 F. Supp.3d 111, 123 (W.D.N.Y. 2020); *Muratore v. Dep't of Treasury*, 315 F. Supp.2d 305, 310 (W.D.N.Y. 2004). The Court notes that it is well settled that corporations have no privilege against self-incrimination. *In re Grand Jury Subpoena Issued June 18, 2009*, 593 F.3d 155, 158 (2d Cir. 2010). Similarly, any claim to the marital communications privilege by Amy MacKinnon may only be specifically asserted in response to requests for information regarding communications made in confidence with her spouse; communications involving ordinary business and financial matters or attempts to conceal assets from judgment creditors are not protected. *In re Witness Before the Grand Jury*, 791 F.2d

234, 239 (2d Cir. 1986); *G-Fours, Inc. v. Miele,* 496 F.2d 809, 811-812 (2d Cir. 1974).

All other objections, including to the temporal scope of the request for production of

documents, interrogatories and information subpoenas, are waived.


## CONCLUSION

For the reasons set forth above, defendants' motion (Dkt. #97), is denied

and plaintiffs' motion (Dkt. #98), is granted in part. Defendant Douglas MacKinnon is

ordered to respond to the request for production of documents and provide answers to

interrogatories no later than **October 29, 2021.**  Amy McKinnon, Mary Kate MacKinon,

Connor MacKinnon, Ryan MacKinnon, Matthew MacKinnon, CMAC Properties LLC and

RMFSG, LLC are ordered to respond to the information subpoenas no later than

**October 29, 2021.**


SO ORDERED.


DATED:      **Buffalo, New York**
            **September 29, 2021**


                         **s/ H. Kenneth Schroeder, Jr.**
                         **H. KENNETH SCHROEDER, JR.**
                         **United States Magistrate Judge**