**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

Consumer Financial Protection Bureau and the People of the State of New York, by Letitia James, Attorney General for the State of New York,

Plaintiffs, Case No.: 1:21-cv-00537 (FPG)

v.

Douglas MacKinnon, Amy MacKinnon, Mary-Kate MacKinnon, and Matthew MacKinnon,

Defendants.

---

**DEFENDANT, DOUGLAS MACKINNON'S, RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS AND COUNERSTATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL RULE 56(a)(2)**

## I. RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS

Defendant, Douglas MacKinnon ("defendant"), pursuant to Local Rule of Civil Procedure 56(a)(2) submits the following response to Plaintiffs' Statement of Undisputed Facts:

### I. Pre-May 2015 Period

#### A. Douglas MacKinnon's Debt-Collection Businesses and Affiliated Entities

1. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(A) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant admits the allegations in the paragraph.

2. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(A) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant admits that allegations in the paragraph.

3. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(A) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant admits that allegations in the paragraph.

4. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(A) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment.

Notwithstanding, defendant admits that allegations in the paragraph.

5. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(A) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant admits that allegations in the paragraph.

(a) Admit.

(b) Admit.

(c) Admit.

(d) With respect to the allegations contained in paragraph 4(d), defendant refers to the documents referred to therein for their content.

(e) With respect to the allegations contained in paragraph 4(e), defendant refers to the documents referred to therein for their content.

(f) Admit.

**B. Pattern of Vesting Ownership of Assets in Other Peoples' Names**

6. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(B) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant admits the allegations in the paragraph.

7. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(B) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant admits that allegations in the paragraph.

8. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(B) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant admits that allegations in the paragraph.

9. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(B) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant admits that allegations in the paragraph.

10. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(B) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant admits that allegations in the paragraph.

11. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(B) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant admits that allegations in the paragraph.

**C. Other Investigations into NRG's Debt-Collection Practices**

12. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(C) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant refers to the documents referred to therein for their content.

13. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(C) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant refers to the documents referred to therein for their content.

14. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(C) in its entirety does not constitute

material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant refers to the documents referred to therein for their content.

15. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(C) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant refers to the documents referred to therein for their content.

**D. Dougles's Awareness in January 2015 of a Court-Ordered Receivership of his Brother's Debt-Collection Business and an Earlier Investigation Involving Douglas's Nephew's Debt-Collection Business**

16. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(D) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant refers to the documents referred to therein for their content.

17. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(D) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant refers to the documents referred to therein for their content.

18. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(D) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant refers to the documents referred to therein for their content.

19. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(D) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant refers to the documents referred to therein for their content.

20. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(D) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant refers to the documents referred to therein for their content.

21. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(D) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant refers to the documents referred to therein for their content.

22. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(D) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant refers to the documents referred to therein for their content.

23. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(D) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant refers to the documents referred to therein for their content.

24. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(D) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant refers to the documents referred to therein for their content.

25. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(D) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant refers to the documents referred to therein for their content.

**E. Douglas's Unlawful Practices and Awareness of the Investigation Resulting in the $60 Million Judgment**

26. Deny.

27. Deny.

28. Deny.

29. Admit.

30. Admit.

31. Admit.

32. Admit.

33. Admit.

35. Admit.

36. Admit.

37. Admit.

38. Admit.

39. Admit.

**F. Matthew MacKinnon's Investments in and Profits from Douglas's Practices**

40. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(F) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant refers to the documents referred to therein for their content.

41. Admit.

42. Admit.

43. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph.

**G. Amy MacKinnon's Profits from Douglass Practices During the 2014-2015 Period**

44. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(G) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. With respect to the allegations contained in the paragraph, defendant denies knowledge or information sufficient to form a belief as to the allegations in the paragraph.

45. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section I(G) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant refers to the documents referred to therein for their content.

46. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph.

47. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph.

48. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph.

49. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph.

50. Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations in the paragraph.

51. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph.

**H. Douglas's Contemporaneous Statements**

52. Deny.

53. Admit.

54. Admit.

55. Admit.

56. Admit.

57. Deny.

58. Deny.

59. Deny.

60. Admit.

61. Deny.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

**II. April and May 2015: House Transfer, Mortgage, and Stated Rationales**

67. Admit.

**A. House Transfer and Stated Rationales**

68. Admit.

69. Admit.

70. Admit.

71. Admit.

72. Deny, because Mr. Steinbrenner and Mr. Bohn inaccurately stated they had no recollection. Similarly, defendant denies the statement of Mr. Giove.

73. Admit.

74. Admit.

75. Deny.

76. Deny.

77. Deny.

**B. Mortgage and Stated Rationales**

78. Admit.

79. Admit.

80. Admit.

81. Admit.

82. Admit.

83. Admit.

84. Deny.

85. Deny.

86. Deny.

87. Deny.

88. Admit.

89. Admit.

90. Admit.

91. Admit.

92. Admit.

93. Admit.

94. Admit.

C. **Recorded Transfer and Mortgage**

95. Admit.

95. Admit.

97. Admit.

98. Admit.

III. **Post-Transfer**

A. **Douglas and Matthew's Conduct and Financial Dealings Post-Transfer**

99. Admit.

100. Deny.

101. Admit.

102. Admit.

103. Admit.

104. Admit.

105. Admit.

106. Admit.

107. Admit.

108. Deny.

B. **Another Transfer to Mary-Kate**

109. The material facts at issue constitute the April 2015 transfer by defendant Douglas MacKinnon of his interest in the marital residence located at 6575 Meghan Rose Way to his wife and daughter. Defendant maintains that section III(B) in its entirety does not constitute material facts which support the disposition of Plaintiffs' motion for summary judgment. Notwithstanding, defendant admits the allegation contained in the paragraph.

110. Admit.

111. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph.

C. **The Lawsuit Against Douglas and his Entitles**

112. Admit.

113. Admit.

114. Deny.

IV. **Court-Approved Sale**

115. Admit.

116. Admit.

117. Admit.

118. Admit.

119. Admit.

120. Admit.

121. Deny.

V. **Failure to respond to Requests for Admission**

122. Deny.

123. (1) Admit.

(2) Deny.

(3) Deny.

(4) Deny.

(5) Deny.

(6) Deny.

(7) Deny.

(8) Deny.

(9) Deny.

## II. DEFENDANT'S COUNTERSTATEMENT OF UNDISPUTED FACTS

Defendant, Douglas MacKinnon, pursuant to Local Rule of Civil Procedure 56(a)(2) submits the following Counterstatement of Undisputed Facts:

1. In May 2007, defendant, Douglas MacKinnon (hereinafter referred to as "defendant") and his wife, Amy MacKinnon, purchased lot 6575 Meghan Rose Way, East Amherst, New York, upon which they later built their marital residence (the "premises"), which they took title to as tenants by the entirety (*see* declaration of Douglas MacKinnon, at ¶ 3).

2. In connection with the construction of the marital residence , defendant and Amy took a mortgage with the Bank of Castile in the amount of approximately $1.2 million (*see id.*, at ¶ 4).

3. Defendant and Amy and I are the parents of ten (10) children. In the spring of 2015, six (6) of the ten (10) children were minors and residing in the premises (*see id.*, at ¶ 5).

4. Defendant and Amy were concerned about what would happen to their children if they were both to die. Defendant and Amy were particularly concerned with one of our minor children who suffers from physical and learning disabilities (*see id.*).

5. In the Spring of 2015, defendant was concerned about his health because he was experiencing chest pains, had lost his own father to an early death and had ten (10) children of his own (*see id.*, at ¶ 6).

6. In the spring of 2015, defendant and his wife, after consulting with counsel, Rodney Giove, Esq., determined that, for estate planning purposes, defendant should transfer his interest in the premises to Amy and his adult daughter, Mary-Kate, for the sum of one dollar ($1.00) by quitclaim deed, dated April 22, 2015. The quitclaim deed was recorded in the Erie County Clerk's Office on May 13, 2015 (*see* declaration of Douglas MacKinnon, at ¶ 7).

7. The estate planning plan defendant and his wife ultimately engaged in was the idea of defendant's attorneys, Rodney Giove, Esq. and Carl Steinbrenner, Esq. (*see id.*, at ¶ 8).

8. The purpose in effectuating the April 22, 2015 transaction was to ensure that, if anything happened to defendant and his wife, the premises would pass to their daughter, Mary-Kate, who would assume responsibility for raising the minor children in the premises (*see id.*, at ¶ 9).

9. Defendant and his wife communicated our proposed estate plan transaction to Mary-Kate and all of the children approximately one (1) week prior to the transaction taking place (*see id.*, ¶ 10).

10. In order to effectuate the transaction, Amy and I were required to pay off the then outstanding mortgage to the Bank of Castile in the amount of approximately $900,000.00. Defendant did not have access to the $900,000.00 in April 2015, so he requested that his brother, Matthew, lend his wife $900,000.00 and take back a mortgage on the premises. As such, on April 23, 2015, my brother, Matthew paid off the Bank of Castile, and on May 12, 2015, Amy granted a mortgage for $900,000.00 on the premises to Matthew (*see id.*, at ¶¶ 11-13).

11. This mortgage, granted to defendant's wife by Matthew, was recorded with the Erie County Clerk on May 13, 2015, the same day that the quitclaim deed transferring the premises to Amy and Mary-Kate was recorded (*see id.*, at ¶ 14).

12. The April 22, 2015 real estate transfer did not make the defendant insolvent or render him unable to pay my debts as they became due (*see* declaration of Douglas MacKinnon, at ¶ 15).

13. The underlying legal action at issue, which serves as the legal basis of this

action was not filed by Plaintiffs until November 2, 2016, approximately seventeen (17) months after the April 22, 2015 real estate transaction, which was a matter of public record (*see id.*, at ¶ 16).

14. The Consent Judgment against defendant, which is at issue in this litigation, was not taken until August 23, 2019, four (4) years after the real estate transaction at issue. Plaintiffs did not commence this litigation until April of 2021 (*see id.*, at ¶ 17).

15. Plaintiffs allege that, beginning in 2014, defendant learned that the companies he allegedly controlled were under investigation by the Bureau served a Civil Investigative Demand ("CID") on Northern Resolution Group, LLC. The complaint clearly alleges that the CID was served on Northern Resolution Group, LLC, not on defendant personally (*see id.*, at ¶ 18).

16. The complaint also makes no allegation that the CID served as an equitable or legal restraint on defendant's right to transfer my real property (*see id.*, at ¶ 19).

17. Defendant was never personally served with a CID, and had no knowledge, as of April 22, 2015, that he might be later named as a defendant in any legal action (*see* declaration of Douglas MacKinnon, at ¶ 20).

18. Plaintiffs further allege, in paragraph 3 of the complaint, that in 2014, the Bureau served additional CIDs on companies affiliated with defendant. However, the complaint does not name the companies on which the additional CIDs were allegedly served, nor does the complaint state the alleged affiliation which the defendant had with these companies (*see generally id.*).

20. Plaintiffs' complaint does not allege that defendant's wife, his daughter Mary-Kate or his brother Matthew, were served with CIDs or knew or had reason to know, of the 2014 CIDs allegedly served upon Northern Resolution Group, LLC or any of the other companies (*see id.*, at ¶ 22).

21. Plaintiffs' papers do not allege that defendant's wife, defendant's daughter, Mary-Kate, or defendant's brother, Matthew, knew or had reason to know of the alleged investigation of Northern Resolution Group, LLC, or any other companies, by the Bureau on April 22, 2015, the date of the transfer (*see id.*, at ¶ 23).

22. Although the original purchase of the premises, and the existence of the Bank of Castile mortgage were matters of public record, there is no reference to the same in Plaintiffs' complaint. Similarly, there is no reference to the Bank of Castile securing payment on the mortgage and issuing a satisfaction of mortgage (*see id*, at ¶ 24.).

23. In support of their motion for summary judgment, the Plaintiffs allege that defendant failed to respond to Plaintiffs' Requests for Admission and, as such, the Requests for Admissions are deemed admitted (*see* declaration of Joseph Makowski, at p 5).

24. Plaintiffs allege that the Requests for Admissions were "served via mail and USPS" on me on August 19, 2022 (*see id.*, at ¶ 6).

25. Counsel conducted a thorough review of his office and file and concluded he never received the Requests for Admissions either by email or by United States Mail (*see id.*, at ¶ 7).

26. A review of the August 19, 2022 email from Jacob Schunk to Jacob Schunk, et al., at page 518 of the Plaintiffs' Appendix, reveals that counsel's email addresses were typed as "jmakowski@aim.com" and "jamkowski@aol.com" (*see id.*, at ¶ 8).

27. Aim.com is no longer operational. As such, any email sent to jmakowski@aim.com would have been undeliverable and bounded back to the sender (*see id.*, at ¶ 9).

28. With respect to the email sent to the AOL account, the subject of the August 19, 2022 email is "RFAs to Douglas MacKinnon" (*id.*). "RFAs" is not defined as "Requests for Admission", or anything. Likewise, within the text of the August 19, 2022 email, it states that "[a]attached you'll find RFAs that we're issuing to Douglas MacKinnon. We're also sending copies via USPS later today" (*id.*). Once again, "RFAs" is not defined within the text of the email (*see id.*, at ¶¶ 10-11).

29. The attachment to the email refers to "RFAs to Douglas MacKinnon". Again, "RFAs" is not defined. Finally, in the Plaintiffs' Appendix, the attachment that was sent to the August 19, 2022 email is not included, so there is no indication as to what "RFAs" actually was and what was actually served with the email (*see* Makowski declaration, at ¶¶ 12-13).

30. Nor did counsel receive the Requests for Admissions which were allegedly sent to his office via US Mail. At page 520 of the Plaintiffs' Appendix is the return receipt for

the certified mailing for the Requests for Admissions. In box "A", someone has signed "J Makowski" and in box "B" indicated that the certified mailing was received by "J Makowski" (*see id.*, at ¶¶ 14-15).

31. The signature in box "A" of the return receipt for the certified mailing is <u>not</u> my signature. My signature appears numerous times on documents contained in the Plaintiffs' Appendix. A review of the signature in box "A" of the return receipt and my signatures on pages 453 and 460 of the Plaintiffs' Appendix clearly and unequivocally demonstrates that the signatures do <u>not</u> match (*see id.*, at ¶¶ 16-17).

32. Counsel questioned the registered investment advisor who shares my office as to whether he signed my signature in box "A" of the return receipt for the certified mailing, and he did not do so (*see id.*, at ¶ 18).

33. Counsel's office is on the first floor of a three-story building. An architecture firm, TRM Architecture, occupies the second and third floors of the building. Counsel questioned the owner and employees of TRM Architecture, and no one associated with that firm signed my name in box " of the return receipt for the certified mailing (*see id.*, at ¶ 19).

34. There have been occasions where no one has been available in counsel's office to sign for certified mail and the postal delivery person will sign the certified mailing receipt so as to avoid having to redeliver the mailing at a later date. It is possible that this is what happened in this instance. However, it was not me or a member of counsel's staff, who signed for the certified mailing on August 22, 2022. Upon information and belief, the Requests for Admissions may have been delivered to a law office at 484 Delaware Avenue, as this has happened on several occasions

when counsel has not received mailings that have been addressed to his office (*see id.*, at ¶ 20).

DATED: August 5, 2024

<u>/s/ Joseph G. Makowski</u>

JOSEPH G. MAKOWSKI
Attorney for Defendant
DOUGLAS MACKINNON
448 Delaware Avenue
Buffalo, New York 14202
Telephone: (716) 881-1890
Email: jmakowski@aol.com